DANIEL H. TOWLE v. J. J. STARZ.[1]

February 2, 1897.

Nos. 10,299—(225).

**Certificate of Deposit—Construction — Demand of Payment—Liability of Indorser.**

The defendant was sued as indorser on the following certificate of deposit:

"The Bank of Zumbrota.

"Zumbrota, Minn., July 27, 1893.

"J. J. Starz has deposited in this bank two thousand dollars, payable to the order of himself on the return of this certificate properly indorsed, with interest at four per cent. To be left six months. No interest after maturity. Not subject to check.
　　　　　　　　　　　　"[Signed] E. V. Canfield, Cashier."

[1] Reported in 69 N. W. 1098.

*Held,* that this was a "time," and not a "demand," certificate; that payment was demandable at the expiration of six months, and, as between the holder and the indorser, it matured at that date; that, to hold the indorser, it should have been presented for payment on the last day of grace, January 30, 1894.

Appeal by plaintiff from an order of the district court for Goodhue county, Williston, J., denying a motion for a new trial, after a verdict in favor of defendant directed by the court. Affirmed.

*Wilson & Foot,* for appellant.

The certificate in issue, omitting that part of the certificate beginning with the words "To be left," is substantially the same as that in the case of Mitchell v. Easton, 37 Minn. 335, 33 N. W. 910. In construing the words "To be left six months. No interest after maturity. Not subject to check" the court will take judicial notice that the country was undergoing a severe panic, and the banks of the country, to prevent presentment at any time of its paper, placed words of restriction in their certificates so as to prevent a depositor from making a demand until after the lapse of a certain time. A promise to pay on demand after a certain number of days or months is the legal effect of this certificate. Heywood v. Perrin, 10 Pick. 228; Franklin Sav. Inst. v. Reed, 125 Mass. 365; Tiedeman, C. P. § 41; 1 Randolph, C. P. § 120; 1 Daniel, Neg. Inst. § 150; 2 Parsons, N. & B. 540; Edwards. B. & P. N. 146. The words "Not subject to check" are simply superfluous. The relation between the bank and its depositor is simply that of a debtor and creditor. 1 Morse, Bank. § 289.

*J. C. McClure,* for respondent.

Certificates of deposit are the same as promissory notes. Cassidy v. First Nat. Bank, 30 Minn. 86, 14 N. W. 363; Mitchell v. Easton, 37 Minn. 335, 33 N. W. 910. In the construction of written instruments words are to be given their usual meaning. A business man would construe this certificate to mean that the money was deposited for six months, and that interest would be paid for that period, but thereafter interest would cease because the debt had matured.

MITCHELL, J. The defendant was sued as indorser of the following instrument:

"The Bank of Zumbrota.

"Zumbrota, Minn., July 27, 1893.

"J. J. Starz has deposited in this bank two thousand dollars, payable to the order of himself on the return of this certificate properly indorsed, with interest at four per cent. To be left six months. No interest after maturity. Not subject to check.

"E. V. Canfield, Cashier."

The certificate was presented at the bank for payment on January 31, 1894, and notice of dishonor given to the defendant on the same day. The only question is whether the demand was seasonably made, so as to hold the indorser.

The court below held that it should have been made on January 30, and hence was one day too late. According to Mitchell v. Easton, 37 Minn. 335, 33 N. W. 910, if it had been a demand certificate (no time of payment being specified), it would fall within the 60-day limitation fixed by G. S. 1894, § 2231, and would have been seasonably presented any time within 60 days after its date. But this was a "time," and not a "demand," certificate, and the section cited has no application. The provision that the money was "to be left six months," emphasized by the word "maturity" in the subsequent provision, which refers to the expiration of six months, clearly means that the certificate was not payable until the expiration of that time. It must, therefore, be construed as if it read payable "six months after date." Whether a special demand, accompanied by a return or tender of the certificate, would be necessary before an action could be brought against the bank, is entirely foreign to the question before us. Payment was demandable at the expiration of six months, and, as between the holder and indorser, the certificate matured at that date. Demand should have been made on the last day of grace, which was January 30th.

Order affirmed.

BUCK, J. I dissent. The words "to be left six months," found in the instrument, is a limitation upon the right of the holder to demand payment until the expiration of that time. His power to make a lawful demand was suspended during this time. When the money was deposited, it became the property of the bank, and it

became the debtor of the depositor to the amount stated in the certificate. If left longer than six months, it would not draw interest after that time, unless a demand was made for its payment, and refusal to pay, because it is expressly stipulated that it shall not draw interest after maturity. The insertion of the words "to be left six months" is a wise provision on the part of the bank, and doubtless adopted as a precautionary measure against runs upon banks in times of great panics. And, thus limiting the time within which its payment could not be enforced, it guards against paying interest upon instruments running for a long time.

To avoid the necessity of hunting up a deposit creditor, the certificate provides that it shall be paid to the order of the depositor himself on the return of the certificate properly indorsed. Of course, the certificate may be legally sold and indorsed, and returned by the assignee or lawful owner and holder. Now, while payment of the certificate in question was suspended for the period of six months from the time the money was left with the bank, it was not payable until presented, and demand made for its payment. I think that this was the intention of the parties to be determined from the face of the instrument. It was left six months, but, if left longer, it was not to draw interest. Money is frequently deposited in banks for better security in keeping, sometimes without drawing interest, but often drawing more or less interest; and I believe it to be a sound principle that such certificates of deposit should be deemed payable only upon presentation and demand of payment, except, perhaps, in cases where the certificate is lost; and what course should in such event be pursued I express no opinion. This would bring the certificate in question within the provisions of G. S. 1894, § 2231, which reads as follows:

"Upon a promissory note payable on demand a demand made at the expiration of sixty days from the date thereof, without grace, or at any time within that term, shall be deemed to be made within a reasonable time; and any act, neglect, or other thing, which by the rules of law and the customs of merchants, is deemed equivalent to a presentment and demand on a note payable at a fixed time or which would dispense with such presentment and demand, if it occurs at or within said term of sixty days, shall be deemed a dishonor thereof, and shall authorize the holder of such note to give notice of the dishonor to the indorser as upon a presentment to the promisor, and his refusal or neglect to pay the same. No present-

ment of such note to the promisor and demand of payment shall charge the indorser, unless made on or before the last day of said term of sixty days."

A demand could not be made until the expiration of six months, but from that date there remained sixty days in which the certificate might become dishonored by presentation, demand, and notice of nonpayment. This was done in the case at bar, at nearly the earliest moment possible. The plaintiff therefore was entitled to maintain his action upon the facts appearing in the record, and, as the trial court erred in its ruling, the order denying the motion for a new trial ought to be reversed.