CHRISTIAN THOMPSON, Appellant, v. FARMERS STATE BANK.

**Banks and banking:** CERTIFICATE OF DEPOSIT: LIMITATIONS. The provision in a certificate of bank deposit providing for payment on its return properly indorsed does not affect the accrual of a right of action thereon; as the indorsement is the same as that required by the law merchant to be made upon negotiable instruments, and if presented by the original payee it needs no indorsement, and if by another only such indorsement is required as will show title in the holder.

**Same:** Where a certificate of bank deposit was made payable at a fixed time, but with no specified place of payment, the issuing bank is under the same obligation to seek the depositor and tender payment as would be the maker of a promissory note with like condition; and the statute of limitations will commence to run at the date of its maturity.

*Appeal from Crawford District Court.*—HON. Z. A. CHURCH. Judge.

SATURDAY, APRIL 12, 1913.

ACTION on a certificate of deposit resulted in a dismissal of the petition. The plaintiff appeals.—*Affirmed.*

*C. R. Metcalf,* for appellant.

*Connor & Lally,* for appellee.

LADD, J.—This action was begun October 22, 1909, on a certificate of deposit in words following:

Farmers' State Bank.  $50.00.  Charter Oak, Iowa, October 28th, 1896.  No. 2291.  Certificate of Deposit.  Christian Thompson has deposited in this bank fifty and no/100 dollars in current funds, payable to the order of same in current fund on the return of this certificate properly indorsed, six months after date, with interest at six per cent per annum. D. O. Johnson, Cashier, per Kadock.

The plaintiff alleged that he properly indorsed the certificate, and presented the same to defendant October 11, 1909, for payment, and that this was refused.  A demurrer on the ground that action thereon was barred by the statute of limitations was overruled, and defendant by answer admitted the issuance of the certificate at the date alleged, and pleaded that upon its face the same showed that it was barred by the statute of limitations, in that a cause of action accrued thereon six months after October 28, 1896, and more than ten years had elapsed since before this action was begun.  On this issue alone the cause was submitted.  It will be noticed that the form of the draft differs from that considered in *Elliott v. Capital City State Bank*, 128 Iowa, 275, in that it made payable "six months after date," but is like it, in that it contains the provision that it shall be payable "on the return of this certificate properly indorsed."  In that decision a right of action on the certificate was held not to have accrued until demand of payment had been made at which time the statute of limitations begin to run.

A "proper indorsement is such an indorsement as the law merchant requires in order to authorize a payment to the holder.  If presented by the original payee, no indorsement would be proper or at least necessary; if presented by another, 'proper indorsement' to show his title would be requisite."  *First National Bank v. Security National Bank*, 34 Neb. 71 (51 N. W. 305, 15 L. R. A. 386, 33 Am. St. Rep.

1. BANKS AND BANKING: certificate of deposit: limitations.

618) ; *Kirkwood v. First Nat. Bank of Hastings,* 40 Neb. 484
(58 N. W. 1016, 24 L. R. A. 444, 42 Am. St. Rep. 683).

Nor did the stipulation to return the certificate add any-
thing to its provisions. That ordinarily is the
rule with reference to such paper. It must
be returned and surrendered as a condition of payment.

2. SAME.

This certificate was not made payable at any particular
place. A certificate in similar form was considered in *Hunt v.
Divine,* 37 Ill. 137, where the court, speaking through Breese,
J., said:

What did the makers of it engage to do? They engaged
to pay Chase $280.50 three months after the date of the cer-
tificate. It is not payable at any particular place nor on de-
mand, but three months after date at no particular place.
Now do the words 'on return of this certificate' change the
legal effect of this undertaking, or require the holder to pre-
sent it at the banking house of the makers? There is no
promise to pay at the banking house; consequently, no obliga-
tion rested on the holder to present it there. The rule is, in
regard to this kind of paper, that the maker is to find his
paper and take it up.. The demand is by the maker on the
holder, which, when made, will be the time to return the cer-
tificate. Edwards on Bills and Promissory Notes, 221; *Allen
v. Rightmere,* 20 Johns. (N. Y.) 365 (11 Am. Dec. 288),
wherein it was held it was the duty of the debtor to seek the
creditor, and pay his debt on the very day it became due.
There being no place named where this money was to be paid
and the certificate returned, the return of the certificate can-
not be a condition precedent to a recovery. If it is pro-
duced on the trial ready to be delivered up to the
makers, the holder will have performed his obligation. In
every promissory note there is an implied undertaking by
the payee or holder to return it to the maker on payment of
the money. An express undertaking to return it could have
no greater force, nor could it change or modify the legal effect
of the instrument. All that the maker can demand is that
he shall be protected against the reappearance of the instru-
ment, and against another recovery upon it. This is effect-
ually accomplished by producing the instrument on the trial

for cancellation if need be, at any rate, placing it in the power of the maker. Edwards on Bills and Promissory Notes, 295; Story on Promissory Notes, section 107. The return of the certificate was not, therefore, a condition precedent to the recovery.

In *Baker v. Leland,* 9 App. Div. 365 (41 N. Y. Supp. 399), a certificate of deposit was payable "three months after date . . . of the return of the certificate properly indorsed," and it was held that, as payment was to be made at a time limited, the cause of action then accrued. To the same effect, see *Bank v. Merrill,* 2 Hill (N. Y.) 295. Manifestly, the certificate differs from those which provided for interest on the contingency that the money deposited is allowed to remain for a specified time. Such condition has nothing to do with the time of payment. Demand certificates of deposit are issued with the design that they pass as money and are taken with as much confidence as the bills of a bank and often to avoid the risk and inconvenience of keeping, or carrying and counting sums of money and are so regarded in mercantile affairs, and for this reason demand is essential before action may be instituted thereon. *Shute, Jr., v. Pacific National Bank,* 136 Mass. 487; *Merchants' Bank v. State Bank,* 10 Wall. 604, 648 (19 L. Ed. 1008). But, when payable at a fixed time in the future, certificates do not so pass, and when so payable, the bank issuing them is under the same duty to pay at maturity as the maker of a promissory note. In either event a right of action accrues at the time specified for maturity. *Elliott v. Capital City State Bank, supra.* What was said in regard to the provision concerning the return of the certificate properly indorsed in *Elliott's* case had reference to a certificate payable on demand as the citations clearly disclose. In *Brown v. McElroy,* 52 Ind. 404, a similar certificate was under consideration, and the court held that a right of action would not accrue thereon until demand, but the fact that the certificate was payable at a specified time was given no consideration.

There is no escape from the conclusion that, as the certificate was payable at a time specified, the right of action then accrued and as the statute of limitations then began to run more than ten years had elapsed when this action was commenced, and the action was barred as the court rightly determined.

The judgment is *Affirmed.*