GEORGE J. FLORY, APPELLEE, V. SUPREME TRIBE OF BEN HUR, APPELLANT.

FILED APRIL 3, 1915.   No. 18022.

Contracts: CONSTRUCTION.  Language used in a contract prepared by one of the parties thereto, which is susceptible to more than one construction, should receive such a construction as the party preparing the same at the time supposed the other party would give to it, or such a construction as the other party would be fairly justified in giving to it.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE.  *Affirmed.*

*E. J. Clements,* for appellant.

*T. J. Doyle, contra.*

FAWCETT, J.

From a judgment of the district court for Lancaster county, upon a certificate of membership issued by defendant to plaintiff's wife, defendant appeals.

The petition is in the usual form.  That Mrs. Flory was a member in good standing at the time of her death, and that plaintiff was the beneficiary named in her certificate, is not controverted.  The defense is predicated upon the allegation that the certificate of membership issued to Mrs. Flory was based upon a written application duly signed and delivered by her to defendant; that the application is, by the terms of the certificate of membership, expressly made a part of the contract of insurance, and that it contains the following provision: "I hereby waive all right for myself and all beneficiaries who claim indemnity from this order on account of disability or death occurring to me as a result of abortion or attempt to produce abortion." The allegation in the answer is that Mrs. Flory's death "occurred to her as a result of abortion and an attempt to produce abortion." The reply is a general denial.

Flory v. Supreme Tribe of Ben Hur.

The evidence entirely fails to show any attempt on the part of Mrs. Flory to produce an abortion upon herself. On the contrary, it leaves scarcely any room for doubt that the death of the fetus, which caused her death, was the result of an assault made upon her by her brother-in-law about two weeks prior to the date of her death. The district court correctly construed the waiver, above set out, to mean that the act must be done intentionally and unnecessarily, for the purpose of procuring an abortion, and so instructed the jury. That Mrs. Flory so understood the words when she signed the application, and that defendant had no just reason to believe that she would otherwise understand them, is the only reasonable construction that can be put upon the words used. It would be doing violence to every settled rule of construction to hold that she understood the words used in any other sense than that in which they are ordinarily used and understood. As ordinarily used among laymen and among married women, miscarriage is understood to mean failure on the part of a woman, from causes beyond her control, to carry a fetus to maturity; while abortion is understood to mean the intentional causing of a miscarriage. We think it is clear that section 7909, Rev. St. 1913, applies, viz.: "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it." See, also, *Harbach v. Miller*, 14 Neb. 9, where *Gunnison v. Bancroft*, 11 Vt. 490, is quoted from with approval.

The case is too plain to require further discussion. The trial court properly construed the contract between the parties, and its judgment is.

AFFIRMED.

BARNES and ROSE, JJ., not sitting.