No. 25,089.

HARVEY L. SONGER, *Petitioner*, v. C. J. PETERSON, as Bank Commissioner, *Respondent*.

SYLLABUS BY THE COURT.

1. MANDAMUS—*Certificate of Deposit Maturing in "6 or 12 Months After Date"—Definite Date of Maturity—Holder Entitled to Share in Guaranty Fund*. Under the bank guaranty law, and the existing orders of the bank commissioner relative to the payment of interest on time deposits promulgated under authority of the guaranty act, an interest-bearing time certificate of deposit which specifies the date of maturity thus, "6 or 12 months after date, . . . no interest after maturity," is not indefinite as to date of maturity so as to defeat the holder's right to participate in the guaranty fund.

2. SAME—*Certificate on·Guaranty Fund Entitled to Bear Four Per cent Interest*. When a guaranteed bank fails, a holder of a four per cent time certificate of deposit theretofore issued by the bank is entitled to a certificate on the guaranty fund for the face of his deposit plus four per cent interest from its date to the date of. the bank's insolvency, and the certificate on the guaranty fund should be issued as of the date of the bank's insolvency, and bearing four per cent interest.

Original proceeding in mandamus. Opinion filed December 8, 1923. Writ allowed.

*J. B. McKay*, of El Dorado, and *Silas Porter*, of Topeka, for the petitioner.

*Charles B. Griffith*, attorney-general, *John G. Egan*, assistant attorney-general, and *J. B. Larimer*, of Topeka, for the respondent.

Songer v. Bank Commissioner.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff held a certificate of deposit issued by The Butler County State Bank. The bank was operated under the bank guaranty system. It became insolvent on March 30, 1923, but the defendant refuses to issue to plaintiff a certificate on the guaranty fund because of an alleged uncertainty as to the due date appearing on the face of plaintiff's certificate of deposit. The certificate reads:

"EL DORADO, KANSAS, Jan. 5, 1923.      No. 4408.

"Harvey L. Songer has deposited with
"The Butler County State Bank, of El Dorado, Kansas,
"Eight Hundred Fifty-seven and 15/100 Dollars  $857.15
"Payable to the order of himself.
"On the return of this certificate properly endorsed 6 or 12 months after date with interest at four per cent per annum, no interest after maturity.
"Not payable until maturity.
"Not subject to check.          (Signed)      "L. D. HADLEY,
                                              "Assistant Cashier."

The bank commissioner's answer sets up certain orders of his department promulgated by his predecessor which provide that only time certificates of deposit bearing a definite date of maturity shall be protected by the guaranty fund. The question therefore is: Does the certificate in question lack that requirement? Counsel for the bank commissioner strongly contend that it does. Considerable evidence of little importance has been adduced by the litigants and has been carefully read. There was testimony that the former bank commissioner who promulgated the order requiring time deposits protected by the guaranty fund to have definite date of maturity was inclined to the view that a due date of 6 or 12 months from date was indefinite but he did not condemn certificates specifying more than one date of maturity, as, for example, "July 5, 1923, or January 5, 1924." Of course the bank commissioner's opinion is not controlling. It is but the operative interpretation of the order by the official who promulgated it, but it has some value as an aid to a correct judicial interpretation of the rule. (*Harrison v. Benefit Society,* 61 Kan. 134, syl. ¶ 2, 59 Pac. 266; *Bank v. Reilly,* 97 Kan. 817, 823, 156 Pac. 747.)

The court has no hesitancy in saying, however, that there is no uncertainty of a date of maturity when there is nothing lacking to its ascertainment but the simplest kind of a mathematical compu-

tation, and the due date of the certificate in question is just as certain in its recital of "6 or 12 months after date" (of Jan. 5, 1923) as it would be if it said "July 5, 1923, or January 5, 1924." So the point to be determined is whether the specified time of maturity, "6 or 12 months after date," is not a definite date of maturity within the rule promulgated by the bank commissioner. Without attaching too much weight to the analogous rules of law pertaining to negotiable paper, for we understand quite clearly that liabilities on the guaranty fund are limited to those prescribed by law and the reasonable rules of the bank commissioner promulgated under authority of the guaranty act, and not necessarily by the law of commercial paper, this court holds the view that the date of maturity of plaintiff's certificate of deposit is not uncertain. Its specified maturity was in 12 months after its date of issue, and thereafter the interest thereon was to cease; and that the 6 months' feature merely gave the holder an option to cash his certificate with the then accrued interest thereon on July 5, 1923, if he had seen fit to demand it on that date.

Some refinements of argument against this view are advanced which would show the impolicy of a bank issuing that sort of an obligation—that it could not loan out the money to earn the 4 per cent and an operating profit if it could not be assured of keeping the money for 12 months. We cannot believe that the banking business of this state is operated on so narrow a margin of safety that a stipulation for an accelerated due date on the interest-bearing time certificate would imperil a bank's solvency. The same sort of argument could be advanced more potently against the issue of three per cent demand certificates, yet these are sanctioned by the guaranty act.

Under the statutory authority conferred upon the bank commissioner by the guaranty act it is probably within the power of that officer to promulgate a positive rule that interest-bearing certificates of deposit issued by guaranteed banks shall have but one due date which shall not be subject to acceleration at the option of the holder, but no such order has yet been promulgated. The certificate now under scrutiny does not fall under the ban of any fairly interpreted rule yet issued, and the plaintiff is entitled to the writ applied for.

A subsidiary question is also raised: Should the certificate on the guaranty fund include the interest accrued on the deposit certificate from its date, January 5, 1923, to the time of the bank failure,

March 30, 1923. It surely does. It was because of the promised 4 per cent on his deposit certificate that the holder gave up his right to 6 per cent on the guaranty fund if the bank failed. Now he must not be stripped of any part of the 4 per cent. It is argued that the guaranty fund does not guarantee interest. No? What then is the purpose of the guaranty law's concern about the rates of interest to be paid for deposits and the rates of interest on certificates on the guaranty fund? And why discriminate between depositors, paying 6 per cent to some and 4 per cent or less to others? There is a logical basis for these interest regulations and limitations. The statute intends that interest shall be paid. Here, too, the operative rule of interpretation should be of some assistance, and it would indeed be a belated discovery of something new in the guaranty law to hold that the fund is not liable for any interest. The court holds that the plaintiff's just demand upon the guaranty fund is for a certificate for a sum equal to the principal amount of his deposit plus the accrued interest thereon at 4 per cent per annum from January 5, 1923, to March 30, 1923. Such certificate on the guaranty fund should be issued as of the date of the bank's insolvency, March 30, 1923, bearing 4 per cent interest. (Gen. Stat. 1915, § 598.)

Writ allowed.

HOPKINS, J., dissenting.