No. 25,140.

The Merchants Reserve State Bank, *Petitioner*, v. Carl J. Peterson, Bank Commissioner, *Respondent.*

### SYLLABUS BY THE COURT.

Mandamus—*Certificate of Deposit—Date of Maturity—Certificate Entitled to Protection of Bank Guaranty Fund.* A certificate of deposit issued by a bank operating under the bank guaranty act examined, and held not to lack conformity with the order of the bank commissioner that only certificates of deposit containing a definite date of maturity should have the protection of the bank guaranty fund.

Original proceeding in mandamus. Opinion filed December 6, 1924. Writ allowed.

*S. B. Amidon, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of Wichita, for the petitioner.

*Charles B. Griffith,* attorney-general, *John G. Egan,* assistant attorney-general, and *J. B. Larimer,* of Topeka, for the respondent.

The opinion of the court was delivered by

Dawson, J.: This is an action in mandamus to require the bank commissioner to issue a certificate on the bank guaranty fund for the amount of a deposit in the Lake State Bank duly assigned to plaintiff. The Lake State Bank had been operating under the bank guaranty law, and became insolvent on November 23, 1921. The deposit in question had theretofore been placed in the bank by plaintiff's assignor under the terms of the following certificate:

"The Lake State Bank.

"Lake City, Kansas, 7/21, 1921.

"Guaranteed interest bearing certificate of deposit.

"Not subject to check.

"Protected by the Depositors Guaranty Fund of the State of Kansas.

"No. 617.

"This is to certify that there has been deposited in this bank Twelve Thousand and $^{no}/_{100}$ Dollars ($12,000.00) payable to the order of The Pioneer Cattle Loan Co.

"On return of this certificate properly endorsed. Not payable in less than six (6) months, and not extending for more than one (1) year, with interest at four per cent (4) per annum from date. No interest after maturity.

"Clara Groendycke, *Ass't Cashier.*"

The bank commissioner has declined to issue to plaintiff a cer-

Reserve State Bank v. Bank Commissioner.

tificate on the guaranty fund in payment of the above certificate of deposit, on the contended ground that it lacks a definite date of maturity.

Was this ruling correct?

The pertinent rule of the banking department governing the controversy reads:

*"To the Managing Officer of the Bank Addressed:*    "April 1, 1915.

"In accordance with the provisions of section 7 of the bank depositors' guaranty law of Kansas, the following ruling is made:

"Supplementing department letter of March 15, 1911, and subsequent letters, effective April 15, 1915, the following interest rates are hereby approved:

"A maximum rate of 4 per cent on time certificates of deposits, not payable in less than three months, and not extending for more than two years, and having a definite date of maturity, when interest shall cease. No interest to be paid for periods shorter than three months. . . .

"This ruling will apply to every state bank under the jurisdiction of this department, and shall be uniform in every county in Kansas. . . .

"W. F. Benson, *Bank Commissioner."*

As to the main point of dispute, it is settled law that there is no lack of definiteness touching a due date where a simple mathematical calculation based upon the data disclosed on the face of the instrument will determine the due date with precision. (*Songer v. Bank Commissioner,* 114 Kan. 900, 220 Pac. 1060.) Under this principle the definite date of maturity of this certificate was readily ascertainable to be July 21, 1922. There was an option of an accelerated due date, six months from date of certificate, but that provision did not render the date of maturity uncertain. (*Songer v. Bank Commissioner,* supra.)

Without laying too much stress on the negotiable-instruments act, one paragraph thereof is persuasively pertinent. In part it reads:

"An instrument is payable at a determinable future time, within the meaning of this act, which is expressed to be payable; (1) At a fixed period after date or sight; or (2) on or before a fixed or determinable future time specified therein; or (3) on or at a fixed period after the occurrence of a specified event which is certain to happen, though the time of happening be uncertain. . . ." (R. S. 52-204.)

Counsel for defendant contend that this case is governed by *Barrett v. Bank Commissioner,* 114 Kan. 804, 223 Pac. 1091. In the Barrett case no definite due date could be discerned from the recitals on the face of the instrument, nor was such date determinable by a mathematical computation. The Barrett certificate read:

"Joel Barrett has deposited in this bank one thousand two hundred eighty-five dollars forty cents $1285.40. Payable to the order of himself in current funds on return of this certificate properly endorsed, interest at the rate of % 4 per annum for all full months if left six months." (p. 805.)

In the case of *Citizen's Bank of Los Angeles v. Jones*, 121 Cal. 30, analogous to the one at bar, the certificate of deposit read:

"No. 5927.
"FIRST NATIONAL BANK OF HELENA, MONTANA.
"(Not subject to check.)
"OCTOBER 19, 1895.

"G. M. Jones has deposited in this bank ($1,000.00) one thousand dollars, payable to the order of self, on return of this certificate twelve months after date, with interest at the rate of six per cent per annum for the time specified only. Payable in 6 mo. if desired with interest at 6 per cent. No interest after due.

"No. 70430.                          GEO. F. COOPER, *Cashier*."

The defendant, G. M. Jones, was sued as indorser, and one of his defenses was that by its terms the certificate was due at the end of six months and that plaintiff was bound to present it at that time in order to hold the indorser. But the court ruled that the certificate had a definite date of maturity—twelve months, not six months, after due. The syllabus reads:

"A certificate of deposit in a bank which was by its terms payable to order within twelve months from its date, with interest, or within six months thereafter if desired, did not mature until the expiration of the twelve months' period, and the option for payment at the end of six months was solely for the benefit of the payee, to be availed of at his election, which privilege, the instrument being negotiable, passed to the indorsee." (¶ 3.)

But it is argued that the certificate could have been cashed at any time after the first six months had run, together with four per cent interest thereon from July 21, 1921, until date of presentation for payment. Whether that contention is correct or not, a rereading of the order of the banking department, as quoted above, makes it clear that nothing therein contained can be construed to forbid absolutely the allowance of interest at four per cent for any period longer than three months and not more than two years. In all our previous decisions involving the bank guaranty law, this court has consistently endeavored to justify and enforce the reasonable rules of the banking department touching rates of interest and dates of maturity on certificates of deposit claiming protection of the guaranty act, but the court has not attempted to expand those rules by interpretation to defeat a good faith deposit apparently made and

intended to be made in almost literal conformity with the recitals of the order of the bank commissioner. As was said in *Songer v. Bank Commissioner*, supra, "the certificate under scrutiny does not fall under the ban of any fairly interpreted rule yet issued"; and as it is clear that the certificate had a definite and readily determinable date of maturity—twelve months after the date of the instrument, at which time interest was to cease—the deposit evidenced thereby was under the protection of the guaranty fund, and the writ prayed for must be allowed.

It is so ordered.