## ALFRED BARSNESS v. AXEL B. BURKEE AND OTHERS.[1]

February 1, 1929.

No. 27,047.

[1]Reported in 223 N. W. 298.

*Martin O. Brandon* and *Anton Thompson,* for appellant.

*M. J. Daly, Ralph S. Thornton, Leach & Swore* and *Constant Larson,* for respondents.

DIBELL, J.

Action to recover of the defendants, directors and stockholders of the Farmers State Bank of Brandon, the amount remaining unpaid upon two certificates of deposit issued by the bank to the plaintiff. The defendants demurred to the complaint. The demurrer was sustained, and the plaintiff appeals from the order sustaining it.

■ The ground of the recovery is the misconduct and mismanagement under G. S. 1923, § 7465, of the officers and directors of the bank. The right of recovery is conditioned upon the failure of the bank to pay the two certificates at the time of presentation.

On October 26, 1925, the plaintiff deposited in the bank $3,700 and received a certificate of deposit "payable to the order of self in current funds on the return of this certificate properly endorsed 6 or 12 months after date, with interest at 4 per cent per annum. No interest after maturity." On December 3, 1925, he deposited $5,300 and received a like certificate. Payment of neither certificate was demanded within 6 months after its issuance. About June 21, 1926, payment was demanded and refused. The theory of the action requires a construction of the term used in each certificate, "6 or 12 months after date." The language in our view permits of but one construction. The certificate holder was entitled to payment of the one certificate at the end of 6 months if he chose to have it. Unless he did, the certificate was a 12 months' certificate, and he was not entitled to pay until the expiration of that period. The cases are few and not all direct. Our construction finds support in Citizens Bank v. Jones, 121 Cal. 30, 53 P. 354; Songer v. Peterson, 114 Kan. 900, 220 P. 1060; Merchants Res. State Bank v. Peterson, 117 Kan. 186, 230 P. 1056.

■ The plaintiff claims that the custom of banks in the vicinity and of the Brandon bank was to pay certificates of deposit when

presented, though before maturity. The language of the certificate is clear, and the contract made by the certificate is definite. We judicially know that banks often, and to a considerable extent, pay certificates of deposit before due, sometimes paying interest which has accrued and sometimes not paying it; but no custom avoids the explicit contract made by the certificate. If it did a time certificate would be a demand certificate.

Order affirmed.

HILTON, J. took no part.

