W. T. DISS, ADMINISTRATOR, APPELLANT, V. STATE BANK OF HOLDREGE, APPELLEE.

3 N. W. (2d) 89

FILED MARCH 13, 1942.   No. 31304.

*Anderson, Storms & Anderson,* for appellant.

*Davis & Stubbs, James N. Ackerman* and *Wilber S. Aten,* contra.

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

The administrator of the estate of Amil Anderson, also known as A. Anderson, deceased, brought this action against the defendant, a banking corporation. The petition alleges that the Citizens State Bank of Holdrege, a corporation, on December 22, 1923, received of Amil Anderson a deposit in the sum of $632.22, and issued to him a certificate of deposit. Appearing therein is the following language:

"A. Anderson has deposited in this Bank Six Hundred Thirty Two and 22................Dollars payable to the order of self in current funds on the return of this Certificate properly indorsed with interest at 4 per cent. per annum if left 6 months.

"Nov. 30, 1923.

"No interest after maturity.

"Not subject to check."

The Citizens State Bank was placed in receivership December 23, 1925. The receiver entered into a contract with defendant bank, under the terms of which the defendant assumed all liabilities of the Citizens State Bank. Among such liabilities was the time certificate of deposit mentioned above. A copy of the contract attached to the petition discloses that the receiver "agrees to sell, assign, transfer, set over and convey to the" defendant "all the right, title and interest of the Citizens State Bank," in and to the assets and

property, naming the aggregate amount. Items of cash on hand and due from banks, bills receivable and accrued interest, overdrafts, real estate, furniture and fixtures, and rights under stock liabilities are described in the contract. In addition it provides that the defendant shall assume the liabilities of the Citizens State Bank; then the liabilities are listed. The contract further provides that the defendant shall file a claim with the receiver against the depositors' guaranty fund of the state, and through the device of the receiver's certificates shall procure cash with which to pay the defendant bank a sum equal to the amount of the difference between the liabilities assumed by the defendant and the value of the assets taken over by it from the receiver. The contract was approved by the district court, and the issuance of receiver certificates was authorized in accordance with the provisions of the contract. There was also filed, in accordance therewith, by the defendant bank a claim in receivership for the full amount of all the deposits, including the certificate of deposit of the decedent, A. Anderson. The claim was approved by the district court, and there was paid to defendant the amount of money specified in its claim, including the certificate of deposit mentioned.

On October 28, 1939, Amil Anderson died. December 2, 1939, the certificate of deposit was presented to the defendant bank and payment refused; it was also refused on February 10, 1941. The petition prays for a judgment against the defendant for the amount of the deposit and interest at 4 per cent. from December 22, 1923. To the petition a demurrer was filed under section 20-205, Comp. St. 1929, setting out that the statute of limitations barred the action, for the reason that more than five years had elapsed since the contract was signed. The demurrer was sustained. Plaintiff, electing to stand on his petition, appeals from the ruling on the demurrer to this court.

The deposit, for which the certificate of deposit was issued, was made December 22, 1923; left for a period of six months, not subject to check, and no interest to be paid after maturity. The interest was to be 4 per cent. at the

end of the six-month period, when the certificate was properly indorsed. Obviously, it was a time deposit wherein the bank agreed to pay interest on the amount left for a period of six months. The plaintiff contends that the certificate must be returned properly indorsed, and that it had not been, in which event the certificate remained, with the interest in full force and effect. With this contention we cannot agree. The specific language of the certificate of deposit is plain. It matured more than 15 years prior to the time it was presented for payment by the administrator of the estate.

The plaintiff contends that the Citizens State Bank received the deposit; the bank failed, and in receivership proceedings the state of Nebraska had, out of and through its guaranty fund, paid the defendant the amount of the deposit with which to pay A. Anderson for the amount so deposited by him in the Citizens State Bank; that, therefore, a trust fund is created and it is not barred by the statute of limitations.

An analysis of the petition discloses that the action was one at law and involved a contract between the receiver of the Citizens State Bank and the defendant, wherein the Citizens State Bank sold to the defendant the assets of the business, which the receiver was winding up, and the defendant was to assume the liability of the old business of the Citizens State Bank, among which appears the time certificate of deposit. It is obvious that there was simply a promise by the defendant bank to assume the liabilities of the Citizens State Bank. There was no trust agreement pleaded, and the contract does not show that defendant bank promised to hold any fund or specific property as trust property, or that any amount was specifically set aside with which to pay the certificate of deposit, and no part of the assets was earmarked to be set aside as a trust fund for any particular use. All the defendant bank agreed to do was to assume the liabilities as appearing in the agreement.

After the demurrer was sustained, the plaintiff declined

to plead further and judgment of dismissal was entered. Plaintiff filed a motion for a new trial and subsequently filed an application to have the dismissal set aside, and prayed that he be granted permission to dismiss his motion for a new trial and to file an amended petition. The amended petition, which plaintiff sought to file, was based on his contention, as previously stated, that defendant bank held the funds, evidenced by the certificate of deposit, in trust for the depositor, or his personal representative.

Section 20-852, Comp. St. 1929, provides in part: "The court may * * * after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, * * * when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

The petition to which the demurrer was filed predicates the action on a contract described therein for the benefit of a third person and does not plead facts upon which there could be based a recovery for the beneficiary of a trust from the defendant as trustee. The amended petition substantially changes the cause of action and is separate and distinct from the cause of action as stated in the original petition.

This court in *Buerstetta v. Tecumseh Nat. Bank,* 57 Neb. 504, 77 N. W. 1094, held, under circumstances similar to those presented in the instant case, that the trial court very properly refused to permit the amended petition to be filed. We conclude that section 20-852, Comp. St. 1929, does not contemplate that the court shall permit an amended petition to be filed under the circumstances here presented, where such amended petition substantially changes the claim to one separate and distinct from that presented in the original petition to which the demurrer was sustained.

For the reasons given in this opinion, the demurrer was properly sustained, and the court properly refused to permit the amended petition to be filed.

AFFIRMED.