E. H. POWELL, ADMINISTRATOR OF THE ESTATE OF JENNIE I. STARKEY, DECEASED, APPELLANT, V. THE FARMERS STATE BANK, AURORA, NEBRASKA, A CORPORATION, APPELLEE.

82 N. W. 2d 260

Filed April 5, 1957. No. 34109.

*Edgerton & Powell,* for appellant.

*Charles F. Adams,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, E. H. Powell, as administrator of the estate of Jennie I. Starkey, deceased, brought this action against defendant, The Farmers State Bank, Aurora, Nebraska, a corporation, seeking to recover $700, the principal amount of an allegedly unpaid certificate of deposit issued to George Starkey by defendant on December 5, 1919, together with interest thereon at four percent for 1 year from the date thereof. A copy of the certificate was attached to and made a part of plaintiff's petition. Insofar as important here, it read: "* * * payable to the order of himself on the return of this Certificate properly endorsed. 6 or 12 months after date with interest at the rate of 4 percent per annum for the time specified only."

For answer, insofar as important here, defendant denied generally and alleged that plaintiff's alleged cause of action was barred by the statute of limitations. Plaintiff's reply was a general denial. There was a subsequent amendment thereto, but its allegations are not important here.

Motion of defendant for pre-trial hearing was sustained and such a hearing was duly held. Thereafter the trial court rendered, certified, and filed its pre-trial conference report and order without any objections thereto. If first recited at length the nature of plaintiff's theory of recovery and defendant's theory of defense. It then recited that the parties had stipulated

and agreed that certain facts hereinafter recited were true. It was also stipulated that jury trial was waived, and pursuant thereto the cause was tried to the court. Thereafter, in consideration of the pleadings, the stipulations in the report of the pre-trial conference, and evidence adduced, judgment was rendered finding generally in favor of defendant and against plaintiff. It found, insofar as important here, that the certificate of deposit as set forth in plaintiff's petition matured not later than one year after the issuance thereof, on December 5, 1919, and that the statute of limitations began to run not later than December 5, 1920, 12 months after issuance of said certificate. It then found and adjudged that plaintiff's cause of action had long since been barred by the statute of limitations, and dismissed plaintiff's action at plaintiff's costs. Thereafter, plaintiff's motion for new trial was overruled, and he appealed, assigning, insofar as important here, that the judgment was contrary to the evidence and law, and that the trial court erred in finding and adjudging that plaintiff's action was barred by the statute of limitations. We conclude that the assignment should not be sustained.

In that connection, there is no bill of exceptions as such, and defendant argued that the only issue presented for determination by this court was the sufficiency of the pleadings to support the judgment. We do not agree. Revised Rules of the Supreme Court of the State of Nebraska, p. 33, entitled: "2. Pre-Trial Procedure: Formulating Issues," provide in part: "(a) In any civil action in the district court after issues have been joined the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider (1) The simplification of issues; * * * (3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof; * * * (6) Such other matters as may aid in the disposition of the action.

"The court shall at the time of the pre-trial hearing

make a record of the proceedings which recites the action taken at the conference, the amendments allowed to the pleadings, and the amendments made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; that counsel shall forthwith acknowledge their assent thereto, or, in the alternative, state into the record any and all objections they may have thereto; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

As we construe such rule, the admissions, stipulations, and agreements of the parties, when finally determined and included in a pre-trial report and order rendered, certified, and filed by the trial court after a pre-trial hearing without objections appropriately taken thereto, are judicial admissions which need not be offered in evidence in order to be considered by the trial court or included in a bill of exceptions in order to be considered by this court upon appeal.

Therefore, in the light of the pleadings, the pre-trial conference report and order, and authorities hereinafter cited, we dispose of plaintiff's assignment, bearing in mind that: "Findings of a court in a law action in which a jury is waived have the effect of the verdict of a jury, and judgment thereon will not be disturbed unless clearly wrong." Barnes v. Davitt, 160 Neb. 595, 71 N. W. 2d 107.

The pre-trial conference report and order thereon, as made by the trial court, recited substantially the following stipulated and agreed facts: That E. H. Powell was the duly appointed and acting administrator of the estate of Jennie I. Starkey, deceased, and defendant is a banking corporation organized and existing under the laws of the State of Nebraska, with its principal place of business at Aurora, Nebraska; that Jennie I. Starkey was sole beneficiary of the estate of George Starkey, deceased, and the certificate of deposit in question, if

valid and collectible, would have been part of his estate and would have been part of the assets of the estate of Jennie I. Starkey, deceased; and that demand for payment of such certificate was made by plaintiff administrator on December 24, 1954, which payment was refused. In that connection, it will be noted that George Starkey died May 19, 1923, and such demand was first made more than 35 years after issuance of the certificate on December 5, 1919, and more than 34 years after December 5, 1920.

It was also agreed that in 1933 defendant was closed and not permitted to reopen until a waiver had been obtained from 85 percent of the depositors in such bank, and that later, at request of the Department of Banking, additional capital was demanded and supplied by assessment on the outstanding stock; that as a part of that transaction a portion of defendant's assets were transferred to a depositors' committee; that the remaining assets were retained in defendant, and the depositors as of March 4, 1933, were paid 50 percent of their deposits by defendant; that on March 4, 1933, defendant was taken over by the Department of Banking, and on March 14, 1933, defendant was permitted to reopen for business as a restricted and limited banking institution, but was not permitted to release any of the deposits made therein prior to March 4, 1933; that on the latter date George Starkey and Jennie I. Starkey, also known as Mrs. George Starkey, had on deposit in defendant, under the name of "Mr. and Mrs. George Starkey," a savings account in the principal sum of $4,177.18, which, together with accrued interest, totalled $4,258.52; that defendant continued to remain in the custody of the Department of Banking and do a restricted and limited banking business by and with consent of such department until February 24, 1934, when defendant made available to Jennie I. Starkey 50 percent of the aforesaid $4,258.52, or $2,129.26, which was subsequently withdrawn from defendant by her over the succeeding

years.   There is no stipulation or contention that the certificate of deposit involved herein was presented or included in such amounts.

It was also agreed that on or about June 14, 1933, the trustee of the depositors' committee issued participation certificate No. 494 to "Mr. and Mrs. George Starkey" in the amount of $2,129.26, delivered same to Jennie I. Starkey, and subsequently thereto said trustee paid to Jennie I. Starkey and she respectively received dividends upon such participation certificate in 1934, 1935, 1936, 1938, and 1943, which totalled $1,068.88.   That such last dividend was so received on February 13, 1943, after which Jennie I. Starkey surrendered the participation certificate to defendant's trustee.   Further, it was agreed that Jennie I. Starkey had actual, bona fide, and continuous residence in Aurora from December 5, 1919, the date of the certificate of deposit involved, until her death on May 13, 1954; that she was a customer of defendant bank prior to March 4, 1933, and continued to be such until her death, during which time she left valuable papers in the custody of defendant and continued her banking business in person on defendant's premises.   There is no evidence that she was incompetent at any time during such period.

As we view it, a determination of the issues depends upon whether the certificate of deposit in question was a demand or time certificate.   We decide that it was the latter, and that the statute of limitations has barred plaintiff's right of recovery.

As hereinafter observed, the certificate of deposit involved was a negotiable instrument.   In that connection, section 62-107, R. R. S. 1943, provides in part: "An instrument is payable on demand (1) where it is expressed to be payable on demand or at sight or on presentation; (2) in which no time for payment is expressed."   On the other hand, section 62-104, R. R. S. 1943, provides in part:   "An instrument is payable at a determinable future time within the meaning of this

act which is expressed to be payable (1) at a fixed period after date or sight, or (2) on or before a fixed date or future time specified therein, * * *." In that connection, long before as well as after the adoption of such sections, this court has so defined and classified certificates of deposit as either demand or time certificates dependent upon the reasonable construction and effect of all and every part of the related provisions contained therein.

In First Nat. Bank of Rapid City v. Security Nat. Bank, 34 Neb. 71, 51 N. W. 305, 33 Am. S. R. 618, 15 L. R. A. 386, the certificate respectively dated October 8, 1887, read in part: "* * * payable to the order of himself on the return of this certificate properly endorsed. * * * This certificate payable 3 months after date with 6 per cent interest per annum for the time specified." In that case, this court said: "Counsel for the defendant in error insist that the certificates are only payable upon their return and presentation to the maker, properly indorsed * * *. This contention is based upon the phrase, 'on the return of this certificate properly indorsed,' used in the printed form of the certificates. If they contained no other stipulation as to time of payment, there would be ground for debate that they did not become due until payment was demanded, * * *. Authorities are to be found which sustain such a doctrine, but the decisions are not all one way. * * * By their terms they are payable three months after their date. Clearly that is the meaning of the words stamped across the face of the instruments. They are capable of no other reasonable construction. The holder could not have lawfully demanded payment before the expiration of the three months, and had suit been instituted before such time had elapsed, it would have been prematurely brought. The words 'on the return of this certificate properly indorsed,' when read in connection with the other stipulations, do not control the time of payment, nor was it indispensable to a recovery that the

certificates should have been previously presented to the maker duly indorsed. To hold that the tender of a certificate properly indorsed is a condition precedent to maintain an action thereon would defeat a recovery upon a lost certificate, and would prevent a third person from becoming the owner of a certificate payable to the order of the payee, unless indorsed. Such a rule would be unsound in principle and contrary to the weight of the decisions. (Cassidy v. First Nat. Bank, 30 Minn. 86; Citizens Natl. Bank v. Brown, 11 N. E. Rep. (Ohio), 799.)

"Construing together all the conditions of the instruments in suit, and giving effect to every part, as we must, they are payable three months after their date, to the payee, or to the person by him transferred. (Brett v. Ming, 1 Fla. 447; Hunt v. Divine, 37 Ill., 137.)

"In the case last cited the certificate was in the following form: 'BANKING HOUSE OF E. T. HUNT & CO., SYCAMORE, ILL., March 9, 1861. C. M. Chase, Esq., has deposited in this bank two hundred and eighty dollars and fifty cents in currency, subject to the order of himself, and payable in like funds on return of this certificate three months after date. E. T. HUNT & CO.'

"It was held that it was payable absolutely three months after its date, and that a return of the certificate was not a condition precedent to the recovery. The similarity of the certificate in the Illinois case to the ones we are considering, entitled that decision to great weight as a precedent here."

In Kirkwood v. First Nat. Bank of Hastings, 40 Neb. 484, 58 N. W. 1016, 42 Am. S. R. 683, 24 L. R. A. 444, the certificate dated December 4, 1890, read in part: "* * * payable to the order of self, * * * on return of this certificate properly indorsed. * * * With interest at six per cent if left six months; no interest after six months." In that opinion this court said: "It has, indeed, been frequently said that the stipulation for the return of the certificate adds nothing to the instrument.

It is merely the expression of a rule which applies to all negotiable paper, and an action may be maintained without a previous presentment. This question was thoroughly considered in the case last cited. As to the requirement that it should be properly indorsed, it would seem that an indorsement by the payee would not be necessary. A 'proper' indorsement is such an indorsement as the law merchant requires in order to authorize a payment to the holder. If presented by the original payee, no indorsement would be proper or at least necessary; if presented by another, 'proper indorsement' to show his title would be requisite. We do not think that this provision operates as a condition destroying the negotiability of the instrument. * * * In First Nat. Bank v. Security Nat. Bank, supra, an instrument payable upon the return of the certificate properly indorsed, but bearing across its face the language, 'This certificate payable three months after date with six per cent interest per annum for the time specified,' was held to be payable three months after date. There the language was absolute and the construction given was undoubtedly correct. We should here follow the rule adopted in that case and so construe the certificate as to give effect to every part. It would seem that the result would be to reach an analogy to instruments payable 'on or before' a certain date, which are due at the expiration of the time so fixed and not before. (Mattison v. Marks, 31 Mich., 421; Daniel, Negotiable Instruments, sec. 43.)"

In Jacoby v. Dvorak, 111 Neb. 683, 197 N. W. 428, so far as same can be ascertained from oral testimony appearing in the opinion, the certificates involved were respectively dated May 3, 1915, payable 12 months from date on return of the certificates properly indorsed. In that opinion this court said: "A material question necessary to be considered is when, if at all, the certificates in question matured so as to start the statute of limitations. There is considerable difference of opinion in the

decisions as to whether a certificate substantially in the language of those under consideration matures so as to start the statute until a demand of payment has been made. Negative of this proposition has been held in Pennsylvania, Gardner's Estate, 228 Pa. St. 282; Brown v. McElroy, 52 Ind. 404. And it is quite generally held that the statute will not begin to run until after demand in those cases where the certificate does not fix any definite time of payment; * * *. Also, where the certificate is payable upon is return properly indorsed, no time being stated, it is held to be the same as a general deposit, against which the statute will not run until demand. Elliott v. Capital City State Bank, 128 Ia. 275. See, also, Sharp v. Citizens Bank, 70 Neb. 758. But in Thompson v. Farmers State Bank, 159 Ia. 662, it was held that a certificate payable 'six months after date' matured at that time and the statute then began to run." After citing with approval First Nat. Bank v. Security Nat. Bank, *supra,* and Kirkwood v. First Nat. Bank, *supra,* this court went on to say: "Without pursuing the discussion further, we think it results from these decisions that the law of this state must be declared to be that where a certificate of deposit is payable at a certain date say three, six, or twelve months, it matures at the expiration of the time stated and the cause of action accrues at maturity. It follows that the statute of limitations commences when the cause of action accrues."

In Diss v. State Bank, 141 Neb. 146, 3 N. W. 2d 89, the certificate involved was dated December 22, 1923, but was not presented until December 2, 1939, and we concluded that action thereon was barred by the statute of limitations. The certificate provided in part: " "* * * payable to the order of self * * * on the return of this Certificate properly indorsed with interest at 4 per cent. per annum if left 6 months. * * * No interest after maturity.' " In that opinion this court said: "Obviously, it was a time deposit wherein the bank agreed to pay

interest on the amount left for a period of six months. The plaintiff contends that the certificate must be returned properly indorsed, and that it had not been, in which event the certificate remained, with the interest in full force and effect. With this contention we cannot agree. The specific language of the certificate of deposit is plain. It matured more than 15 years prior to the time it was presented for payment by the administrator of the estate." See, also, Towle v. Starz, 67 Minn. 370, 69 N. W. 1098, 36 L. R. A. 463.

In Thompson v. Farmers State Bank, 159 Iowa 662, 140 N. W. 877, 44 L. R. A. N. S. 550, cited with approval in Jacoby v. Dvorak, *supra,* the certificate dated October 28, 1896, was presented for payment on October 11, 1909, and payment was refused. It provided in part: " "* * * payable to the order of same * * * on the return of this certificate properly indorsed, six months after date, with interest at six per cent per annum.' " That opinion quoted with approval from First Nat. Bank v. Security Nat. Bank, *supra,* and Kirkwood v. First Nat. Bank of Hastings, *supra.* Citing other authorities, the opinion went on to say: "There is no escape from the conclusion that, as the certificate was payable at a time specified, the right of action then accrued and as the statute of limitations then began to run more than ten years had elapsed when this action was commenced, and the action was barred as the court rightly determined."

In Barsness v. Burkee, 176 Minn. 355, 223 N. W. 298, the certificates, respectively dated October 26, 1925, and December 3, 1925, read in part: "* * * payable to the order of self * * * on the return of this certificate properly endorsed 6 or 12 months after date, with interest at 4 per cent per annum. No interest after maturity." Payment of neither certificate was demanded within 6 months after issuance. On June 21, 1926, payment was demanded and refused. Demurrer to plaintiff's petition was sustained by the trial court, and upon appeal such order was af-

firmed, saying: "The theory of the action requires a construction of the term used in each certificate, '6 or 12 months after date.' The language in our view permits of but one construction. The certificate holder was entitled to payment of the one certificate at the end of 6 months if he chose to have it. Unless he did, the certificate was a 12 months' certificate, and he was not entitled to pay until the expiration of that period. The cases are few and not all direct. Our construction finds support in Citizens Bank v. Jones, 121 Cal. 30, 53 P. 354; Songer v. Peterson, 114 Kan. 900, 220 P. 1060; Merchants Res. State Bank v. Peterson, 117 Kan. 186, 230 P. 1056.

"The plaintiff claims that the custom of banks in the vicinity * * * was to pay certificates of deposit when presented, though before maturity. The language of the certificate is clear, and the contract made by the certificate is definite. We judicially know that banks often, and to a considerable extent, pay certificates of deposit before due, sometimes paying interest which has accrued and sometimes not paying it; but no custom avoids the explicit contract made by the certificate. If it did, a time certificate would be a demand certificate."

In 9 C. J. S., Banks and Banking, § 316d, p. 644, citing authorities, it is said: "Certificates of deposit are ordinarily payable at the bank of issuance, and are payable at the time expressly or impliedly stipulated by the parties. * * * The time of payment of a certificate of deposit will depend on the contract between the parties. It may be payable at a fixed day or at a fixed time after date, but such instruments are usually payable on demand and are so payable when no time is expressed. * * * A certificate expressly made payable at the expiration of one 'or' another of two stated periods is payable at the expiration of the shorter period if the depositor so elects." See, also, 7 Am. Jur., Banks, § 491, p. 351, citing, among other authorities, First Nat. Bank v.

Security Nat. Bank, *supra,* and Kirkwood v. First Nat. Bank, *supra,* from this jurisdiction.

As stated in Annotation, 23 A. L. R. 12, citing cases from Georgia, New Mexico, and Pennsylvania: "Some certificates of deposit contain a provision that the certificate is payable to the order of the depositor a stated time after date, on return of the certificate properly indorsed. It is the view of some courts that such a certificate is not due absolutely on the expiration of the time stated, but only on return of the certificate and demand for payment; consequently, that the Statute of Limitations does not begin to run until such demand."

On the other hand, as stated in Annotation, 23 A. L. R. 14, citing cases from Iowa, New York, Texas, and Illinois: "On the contrary, other cases hold that the statute runs from the expiration of the date specified." We have adhered to the latter rule, citing authorities from Iowa and Illinois.

In dealing with the statute of limitations, we have held, citing Citizens Bank of Humphrey v. Fromholz, 64 Neb. 284, 89 N. W. 775, that: "As between a bank and its customers, either on a check and deposit account or as holders of demand certificates, there is no promise to pay until demand is made, and consequently a demand is necessary to put the statute in operation." Sharp v. Citizens Bank of Stanton, 70 Neb. 758, 98 N. W. 50.

On the contrary, we have held, as observed in authorities heretofore cited, that where a certificate of deposit provides that it is payable at a specified or determinable future time after date, the statute of limitations runs from the expiration of such time without the necessity of any demand for payment. The latter rule seems entirely logical. To hold otherwise would require us to overrule authorities from this state heretofore cited, give the specified or determinable future time for payment after date provided in the certificate no force or effect whatever, and permit the payee or timely endorsee to trifle with simple contractual language forever and a

day, without any limitation of the right as well as of the remedy.

As we view it, the certificate of deposit involved in the case at bar was a time certificate, and the statute of limitations began to run against liability thereon when it was eventually due and payable on December 5, 1920, 12 months from its issuance on December 5, 1919. No demand for payment having been made until more than 34 years thereafter, we conclude that the statute of limitations had long since barred plaintiff's right of recovery. In that situation, it would serve no purpose to discuss other questions presented in briefs of counsel.

For reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed. All costs are taxed to plaintiff.

AFFIRMED.

WENKE, J., dissenting.

I dissent from the holding of the majority of the court that the "Certificate of Deposit" No. 4624, issued by The Farmers State Bank, Aurora, Nebraska, on December 5, 1919, is barred by the statute of limitations.

The certificate is as follows:

"THE FARMERS STATE BANK      $ 700.00

AURORA, NEBRASKA, 12/5/1919      No. 4624

George Starkey      has deposited in this Bank

seven Hundred Dollars only only only      Dollars,

payable to the order of      himself

on the return of this Certificate properly endorsed.
6 or 12 months after date with interest at the rate of
4 percent per annum *for the time specified only.*

George Wanek Cashier.

CERTIFICATE OF DEPOSIT
Not Subject to Check."
(Emphasis is mine.)

This court has held in Citizens' Bank of Humphrey v. Fromholz, 64 Neb. 284, 89 N. W. 775, that: "* * * as between a depositor and a bank, the statute of limitation

does not begin to run until a demand is made for the money on deposit." And the same is true as to a demand certificate. Sharp v. Citizens Bank of Stanton, 70 Neb. 758, 98 N. W. 50. As stated in Sharp v. Citizens Bank of Stanton, *supra*: "As between a bank and its customers, either on a check and deposit account or as holders of demand certificates, there is no promise to pay until demand is made, and consequently a demand is necessary to put the statute in operation." Consequently, if the deposit here involved falls into either of these classes the statute of limitations would not have started to run until demand for payment was made on December 24, 1954. On the other hand, if the certificate of deposit matured at the end of either 6 or 12 months from the date of its issuance, as the majority holds it did, then the statute of limitations would apply. Jacoby v. Dvorak, 111 Neb. 683, 197 N. W. 428. As stated therein: "A bank certificate of deposit payable 12 months after date upon return of the certificate properly indorsed matures at the expiration of the 12 months, and the cause of action thereon then accrues so as to start the statute of limitations."

The time fixed for the payment of a certificate of deposit must necessarily depend upon the terms thereof but is payable on demand unless a time for payment is expressly provided for therein. See Section 62-107, R. R. S. 1943. As therein provided: "An instrument is payable on demand (1) where it is expressed to be payable on demand or at sight or on presentation; (2) in which no time for payment is expressed."

If any doubt exists as to the meaning of the language used in the certificate such doubt should be resolved in favor of the appellant as it was prepared by the appellee and appellant had no part in selecting the language used therein. People's State Bank v. Smith, 120 Neb. 29, 231 N. W. 141; Flory v. Supreme Tribe of Ben Hur, 98 Neb. 160, 152 N. W. 295. This principle is particularly applicable since appellee is authorized to deal with the

general public and accept the deposit of their funds, a public service.

To me the certificate expressly provides that it is payable on demand to George Starkey, or his successors, upon return of the certificate to the bank properly endorsed subject, however, to the condition that the bank is not obligated to pay interest at 4 percent in excess of 12 months no matter how long the money may be left with it. See language of the certificate that I have emphasized. If this construction is correct then appellant's cause of action did not arise until December 24, 1954, when demand was made upon the bank and it refused to pay.

With the possible exception of Kirkwood v. First Nat. Bank of Hastings, 40 Neb. 484, 58 N. W. 1016, 42 Am. S. R. 683, 24 L. R. A. 444, I do not think the cases of this court, cited in the majority opinion, support the conclusion therein reached for the terms thereof are not the same as that of the certificate here involved. In First Nat. Bank of Rapid City v. Security Nat. Bank, 34 Neb. 71, 51 N. W. 305, 33 Am. S. R. 618, 15 L. R. A. 386, the certificates expressly provided: " 'This certificate payable 3 months after date with 6 per cent interest per annum for the time specified' "; in Jacoby v. Dvorak, *supra*, the certificate was "payable 12 months after date"; and in Diss v. State Bank, 141 Neb. 146, 3 N. W. 2d 89, the certificate issued contained the following language: "* * * with interest at 4 per cent per annum if left 6 months. Nov. 30, 1923. No interest after maturity." By their express terms the certificates involved in those cases were payable at a certain date or length of time after the date of their issuance. That, to me, is the meaning of the quoted language from each of those cases but such is not the situation here for no comparable language is contained in the certificate issued by appellee to George Starkey.

This dissent does not mean the author thereof would necessarily arrive at a different conclusion that that

reached by the majority, for appellee has raised the defenses of presumption of payment, laches, and estoppel. Whether or not any or all of those defenses are maintainable I do not decide. I only disagree with the majority in their construction of the language used in the certificate of deposit which was issued by appellee to George Starkey on December 5, 1919.

BOSLAUGH, J., joins in this dissent.