*John S. Gregory,* contra.

---

JOHN S. GREGORY, PLAINTIFF IN ERROR, v. ASA S. EDGERLY, DEFENDANT IN ERROR.

1. **Judgment Lien**: BANKRUPTCY: BURDEN OF PROOF. One M. filed a petition in equity against a judgment creditor and two judgment debtors, co-defendants with him, wherein he alleged the recovery of a judgment in 1876 against himself and said debtors, which was an apparent lien upon his real estate. He also alleged that in 1878 he was discharged in proceedings in bankruptcy from the payment of the judgment. The discharge being denied, *Held,* That the burden of proof was on him to establish it.

2. ————: STIPULATION OF ATTORNEYS NOT BINDING ON CO-DEFENDANTS. The attorneys for the creditor and M. entered into a stipulation that M. had been discharged in bankruptcy, as alleged in the petition. *Held,* That the stipulation did not affect the co-defendants with M. in the judgment, nor was it admissible in evidence against them.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*John S. Gregory, pro se.*

*Ryan Brothers,* for defendant in error.

MAXWELL, J.

In 1883 James H. McMurtry brought an action in the district court of Lancaster county against Asa S. Edgerly, John M. Young, and John S. Gregory, to annul, discharge, and satisfy of record, so far as he was affected, a certain judgment for the sum of $605.79, recovered in the district court of said county by said Edgerly against McMurtry, Young, and Gregory, and to discharge the lien of said judgment on certain real estate owned by said McMurtry. In his petition he alleges in substance that in 1878 he was adjudged a bankrupt, "and in said matter of bankruptcy the said indebtedness due said Edgerly was by this plaintiff duly reported and scheduled, and said Edgerly was duly served with notice of such proceedings in bankruptcy, and such proceedings were in said court in bankruptcy duly had that said Edgerly duly filed and made proof of his said claim, and afterwards this plaintiff was, in consideration of said court, on the 15th day of March, 1879, duly and legally adjudged to be and was discharged and absolved of and from all liability to his creditors, including said Edgerly," etc.

He also alleges that Edgerly had caused an execution to issue on said judgment, and had directed the sheriff to levy the same on the lands in question. The defendant Edgerly, in his answer, admits the recovery of the judgment for $605.79, and that it is unpaid, and denies the other allegations of the petition. As a further answer 'he "says that said plaintiff has never paid any dividends, and that the assignee of said plaintiff never paid one cent of dividends or any distribution whatever in bankruptcy, and never complied with the requirements of the bankrupt law for a discharge." Afterwards the attorneys for Edgerly and McMurtry entered into the following stipulation: "It is hereby stipulated by and between the said plaintiff, James H. McMurtry, and the defendant, Asa S. Edgerly, that the

said plaintiff did obtain a discharge in bankruptcy as alleged; that injunction be made perpetual, as prayed in said petition, and said judgment adjudged to be released and discharged as to said McMurtry, and to be no lien upon his property.  Complete record is by parties to this stipulation waived.  Plaintiff waives right to recover or have taxed his costs herein.  Above stipulation and judgment to be without prejudice to the rights of Asa S. Edgerly against said defendant Gregory and others interested with him, and cause to proceed on cross-petition of said Gregory." The court thereupon rendered judgment on the stipulation canceling the lien of the judgment and ordering the same to be discharged and satisfied of record, so far as McMurtry was affected.  Gregory thereupon filed a motion alleging that Edgerly had voluntarily released McMurtry and asking to be discharged from liability on said judgment. The motion was overruled.  The court afterwards rendered judgment against Gregory for the sum of $605.79, with interest from October 4th, 1876, at 10 per cent.  It will be observed that this is an action by McMurtry against his joint obligors and the creditor to have the lien of a judgment discharged and the judgment canceled as to him upon the ground that he had been discharged in bankruptcy from the obligation.  As this discharge is denied, the burden of proof is upon him to establish it.  A stipulation of his attorney with the attorney of the creditor that he was so discharged, while sufficient perhaps to prove that fact as between them, was no proof as against Gregory or Young. They cannot be bound by agreements to which they are not parties.  And as the stipulation in question was the only evidence before the court when it discharged McMurtry, the answer of Gregory being on file denying that McMurtry was discharged from the payment of his debt, the court erred in rendering judgment discharging McMurtry.

2. The court also erred in rendering judgment against

Gregory. The burden of proof was upon McMurtry to show that the debt in question was not one of those excepted from the operation of the act, and that he was discharged from the payment of the same. *Cooper v. Cooper*, 9 N. J. Eq., 566–569. This both his pleadings and proof fail to do. He appears to be the principal debtor in the case, and should pay the debt unless he establishes the fact of his discharge from it. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.