R. WENDELL MOUSEL, APPELLANT, v. IRVIN TEN BENSEL ET AL., APPELLEES.

238 N. W. 2d 632

Filed February 19, 1976. No. 40200.

Ronald D. Mousel, for appellant.

Eric Eisenhart and James R. Harper, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action to quiet title based on a claim of adverse possession. The District Court entered judgment for the defendants who held the record title. We affirm the judgment of the District Court.

The tract involved is a part of the north half of Lot 10 of Hammond's Subdivision adjacent to the city of Cambridge, Nebraska. The north half of Lot 10 comprises an area 255.75 feet north and south by 189.65 feet east and west. To the east lies a paved road constructed in the late 1960's which was formerly Lot 9. All of Lots 9 and 10 were formerly owned by Frieda Hollingsworth who deeded Lot 9 and the south half of Lot 10 to her daughter who, in turn, conveyed it to Dick Bargman who retained it until it was conveyed by the executor of his estate in September 1962. Frieda Hollingsworth conveyed the west 137.37 feet of the north half of Lot 10 to Alvin Hollingsworth and it was acquired by plaintiff in 1955. The strip in dispute is the east 52.28 feet of the north half of Lot 10. Frieda Hollingsworth apparently thought she had conveyed all her interest and made no further disposition of the disputed property until she conveyed it to defendants in 1969 when it was discovered that the tract did not appear on the tax rolls.

There is a house in the northwest corner of plaintiff's property in which he had various tenants after he acquired it. His claim is that through his tenants he made use of the disputed tract by sowing down all the north half of Lot 10 and mowing the grass and alfalfa on it. He contends there was an old fence on the east boundary of Lot 10 and that he used the property to the fence for many years commencing in 1955.

Defendants' evidence indicates that the fence was not on the east boundary of Lot 10 but was on the east boundary of the part owned by plaintiff. The evidence given by the witnesses is very conflicting but aerial photographs taken in 1956 and 1963 are in evidence and definitely show a difference in the use of plaintiff's land and the disputed tract. They support defendants' contention that the disputed tract was farmed by Dick Bargman and was not in grass from 1956 to 1963 as plaintiff contends.

It is basic that a claim of title by adverse possession must be proved by a preponderance of the evidence showing actual, open, exclusive, and continuous possession under a claim of ownership for a period of 10 years. See Onstott v. Olsen, 180 Neb. 393, 142 N. W. 2d 919. Plaintiff has not sustained this burden of proof.

Objection was made to the admission in evidence of aerial photographs on the ground that they were admitted without interpretation by an expert witness and were not provided for in the pretrial conference. In order to lay a foundation for the admission of an aerial photograph: "* * * it is not necessary that the person who took the picture should testify to its accuracy, but it is sufficient that some witness familiar with the subject matter can testify that it is an accurate and true representation of the scene depicted." Annotation, Evidence - Aerial Photographs, 57 A. L. R. 2d, § 2, p. 1352. See, also, 29 Am. Jur. 2d, Evidence, § 796, p. 876; Bedford v. Herman, 158 Neb. 400, 63 N. W. 2d 772.

The rule of this court in regard to pretrial procedure

specifies that its purpose is the formulation of issues, the obtaining of admissions of fact and documents to avoid unnecessary proof, the limitation of cumulative testimony, and other matters aiding in the disposition of the action, and may be modified at the trial to prevent manifest injustice. As stated in Western Pipe & Supply, Inc. v. Heart Mountain Oil Co., Inc., 179 Neb. 858, 140 N. W. 2d 813: "The purpose of a pretrial conference is to simplify the issues; amend the pleadings, when necessary; and avoid unnecessary proof of facts at the trial." In relation to evidence it is designed for and primarily used to restrict evidence to the issues formulated, secure admissions or stipulations, avoid unduly cumulative evidence and the necessity of proving foundation in regard to clearly competent evidence. It is neither designed nor intended to arbitrarily exclude noncumulative evidence pertinent to the issues simply because it was not mentioned at the pretrial hearing. The District Court has a broad discretion in regard to the amendment of pretrial orders. Here the amendment was not prejudicial.

We conclude that other assignments of error pertaining to the sufficiency of the defendants' pleading and the disqualification of defendants' attorney are not meritorious.

The judgment of the District Court is affirmed.

AFFIRMED.