GEORGE S. MCCORMICK AND JULIEANNE MCCORMICK,
APPELLANTS, V. DONALD E. TERRY ET AL., APPELLEES.

289 N. W. 2d 516

Filed March 4, 1980. No. 42573.

Paine & Huston, for appellants.

Lauritsen, Baker & Brownell, for appellees.

Heard before KRIVOSHA, C. J., BRODKEY, and WHITE, JJ., and RONIN and GARDEN, District Judges.

RONIN, District Judge.

This is an action in equity wherein the plaintiff-appellants, George S. McCormick and Julieanne McCormick, seek to quiet title to certain real estate occupied by the defendant-appellees, Donald E. Terry, his wife, Nadine, and Bill L. Eppert. The defendants answered by denying plaintiffs' right to said real estate and by pleading adverse possession as an affirmative defense. The defendants also cross-petitioned for damages allegedly incurred as a result of plaintiffs' clouding their title to the subject real estate. After trial, the court found for the defendants on the plaintiffs' action to quiet title on the subject property and dismissed plaintiffs' amended petition. The court further found for the plaintiffs on the defendants' cross-petition, which was also dismissed. We affirm the judgment of the trial court.

Equity actions are heard de novo by this court, and we are required to reach an independent conclu-

sion as to fact questions without reference to the District Court.

The essential facts in this case are these. The plaintiff, George S. McCormick, purchased the southeast quarter of Section 5, Township 11 North, Range 8 West of the 6th P.M., Merrick County, Nebraska, from his predecessor in title in 1959 and received his deed in 1963. Plaintiff rented out the land for 1 year and thereafter used it for farming and raising livestock.

On December 30, 1965, the plaintiffs conveyed to four individuals, the defendants' predecessors in title, the following described real property: "* * * those parts of Lots One (1) and Two (2) on the Mainland lying North of Public Road; *referred to on plat as Ft. Kearney Road* in Section Five (5), Township Eleven (11) North, Range Eight (8) West of the 6th P.M., Merrick County, Nebraska, * * *." (Emphasis supplied.) There were additional tracts situated in the same section which were also conveyed by plaintiffs in this deed but are not relevant to the issues in this case.

The defendants' predecessors in title conveyed by warranty deed dated April 4, 1970, to the defendants the foregoing described property except that the words "referred to on plat as Ft. Kearney Road" were omitted.

Evidence was adduced at trial to describe the exact boundaries of the property which was the subject of the lawsuit. The plaintiffs' expert witness, Mr. Lester Ehlers, a civil engineer, testified by deposition. A plat prepared by him showing the relationship between the Ft. Kearney Road and the present county road was received in evidence. The old Ft. Kearney Road was drawn according to the original government field notes and the original government survey plat. The road itself can no longer be located on the land and has been farmed over for many years. The existing county road is a mail

road and is not located on a section line. It is located south of the platted Ft. Kearney Road. The questioned property occupies the entire land between the two roads. Ehlers' testimony is that the distance between the roads with respect to the questioned property varied but averages 80 feet wide, is 2,000 feet long, and the area of the questioned property was computed to be 160,000 square feet, or 3.7 acres.

Counsel conceded in oral argument that the legal title to the questioned property described above was held by the plaintiffs by reason of the legal description in the deed of December 30, 1965, by which they conveyed the land north of the platted Ft. Kearney Road, rather than the present county road which has been used for many years. The court found that the legal title to the disputed tract of 3.7 acres was vested in the plaintiffs at the time of trial.

The issue of the adverse possession of the defendants and their predecessors in title to the questioned property is the only issue in this case. The plaintiffs concede that the defendants acquired title by warranty deed dated April 4, 1970, and went into immediate exclusive possession and have continuously farmed the questioned property without any adverse claim until the filing of the plaintiffs' petition to quiet title to this property on May 26, 1977.

This court has established in a number of cases the standard by which a claim of adverse possession must be proved. In Mousel v. ten Bensel, 195 Neb. 456, 238 N. W. 2d 632 (1976), our court stated: "It is basic that a claim of title by adverse possession must be proved by a preponderance of the evidence showing actual, open, exclusive, and continuous possession under a claim of ownership for a period of 10 years."

In the more recent case of Bailey v. Mahr, 199 Neb. 29, 255 N. W. 2d 866 (1977), this court again stated: "In order to establish title by adverse possession, such possession must not only have been

actual, open, and continuous, but it must have been accompanied by an intention to hold land as the owner of it and it must have been under a claim of ownership.''

The critical time period for the establishment of the affirmative defense of adverse possession under the facts in this case is from April 4, 1967, to April 4, 1970. An examination of the record discloses that there is a direct conflict in the testimony as to the possession and use of the questioned property during these particular years. The record does not show that the questioned property was separately fenced nor were its boundaries on the ground determined until the survey of Mr. Ehlers was completed on November 14, 1978, just before trial. The land sold by plaintiffs to the defendants' predecessors in title lay immediately to the north of the platted road and the questioned property was but 3.7 acres of a contiguous tract of 40 acres of cropland. The southern fence line of the cropland tract was at all times at the southern edge of the county road. McCormick pastured this entire tract of land, which included the questioned property, from 1960 until they delivered possession of the property over to the purchasers who leased it to the Short brothers from March 1966 until the defendants purchased the property on April 4, 1970. The plaintiff, George McCormick, testified that he pastured livestock at various times from 1966 to 1970 not only on the questioned property but the remainder of the contiguous 40-acre tract which McCormick had conveyed to defendants' predecessors. He stated that he never discussed this use of the land of defendants' predecessors with either them or their tenant, the Short brothers. His testimony as to pasturing livestock on the questioned property was generally corroborated by the testimony of his wife and son and a former tenant, Melvin Purvis.

However, the defendants' witness, Dale Short, tes-

tified that he and his brothers farmed the 40-acre cropland tract including the questioned property from 1966 through 1969, that they kept their livestock on the premises for three summers, and that the cornstalks on the subject real estate were pastured by them in the winter of 1967. He further testified that he tended the cattle kept by him on the subject real estate every day during that winter, and that he did not see anyone else or any other livestock, including those of the McCormicks, on these premises.

The witness Short further testified that he farmed the questioned property right up to the fence on the north side of the county road, and that the Short brothers irrigated nearly every day from a well during the summers. He stated that 1 year he raised soybeans on the tract. He further stated that he made repairs to the fence after he leased the tract.

A neighbor, Raymond Werner, testified that he was familiar with the tract when Dale Short and his brothers farmed it and that they farmed all of it, including the questioned property. Another witness for the defendants, Wilbur McCumber, a licensed real estate broker and appraiser, was one of defendants' four predecessors in title. His testimony was that all the grantees in the deed from the plaintiffs thought they were acquiring all the land north of the county road; that they took complete possession of the entire tract and the questioned property in March 1966, which they rented to Dale Short and his brothers. He testified that the times he drove by the questioned property there was no evidence of anyone else farming it, and that no one ever made any kind of claim to the questioned property.

In weighing the irreconcilable conflict in the testimony on the issue of adverse possession as to the subject property, the court considers the concession of the plaintiffs that the defendants' possession was adverse from April 4, 1970, to the time the plaintiffs filed this action on May 26, 1977. The record further

discloses that the plaintiffs never conversed with the defendants and their predecessors in title with regard to any claim of ownership of the disputed tract at any time during the 10-year period. The disputed tract of 3.7 acres was at all times a part of the 40-acre cropland tract and was farmed by the defendants and their predecessors up to the fence line on the north side of the county road. The plaintiffs made no attempt to delineate the common boundary line between their acreage and the defendants' tract. If the plaintiffs grazed livestock at any time on the subject property the livestock would enter the entire tract, including the land the plaintiffs conveyed to the defendants' predecessors in title.

This court, in Ohme v. Thomas, 134 Neb. 727, 279 N. W. 480 (1938), stated that although the Supreme Court in reviewing an equity action is required to reach an independent conclusion as to fact questions without reference to District Court findings, it will, in determining the weight of evidence where there is an irreconcilable conflict on a material issue, consider the fact that the District Court observed the witnesses and their manner of testifying.

We find that the defendants have affirmatively proved by a preponderance of the evidence that they and their predecessors in title had exercised actual, open, exclusive, and continuous possession under a claim of ownership for a period of more than 10 years over the subject property.

We further find that all right and title to the real estate lying in the southeast quarter of Section 5, Township 11 North, Range 8 West of the 6th P.M., in Merrick County, Nebraska, which lies between the Fort Kearney-Omaha Road and the present existing county road is ordered quieted in the defendants, that the plaintiffs have no right, title, or interest in said real estate, and that the judgment of the District Court is affirmed.

AFFIRMED.