STATE OF NEBRASKA, APPELLEE, V. MARLON BRAY, APPELLANT.

503 N.W.2d 221

Filed July 23, 1993.   No. S-92-756.

Dean S. Forney, Box Butte County Public Defender, for appellant.

Don Stenberg, Attorney General, and James A. Elworth for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

WHITE, J.

Marlon Bray appeals from a jury verdict convicting him of possession of marijuana with intent to deliver and resulting in a sentence of 2 years' imprisonment. Bray asserts that the warrant underlying the search of his residence was invalid and that the district court should have granted his motion to suppress the evidence seized pursuant to the warrant. We affirm.

On December 18, 1991, an Alliance police officer applied for a telephonic warrant to search Bray's apartment. The application was granted and the warrant issued. An affidavit sufficient to support issuance of the warrant accompanied the application. The record also indicates that at the time of the warrant's issuance, all procedural requirements relating to the issuing of a telephonic warrant had been complied with.

Upon searching Bray's apartment, the police discovered and seized drug paraphernalia and marijuana. Bray was charged with possession of marijuana with intent to deliver.

Prior to trial, Bray moved the court to suppress all evidence seized pursuant to the warrant. At the hearing on the motion, Bray challenged the validity of the warrant, arguing that it did not comply with Nebraska's telephonic warrant statutes, Neb. Rev. Stat. §§ 29-814.03 to 29-816 (Reissue 1989). He concluded that all evidence resulting from the invalid warrant should be suppressed. The district court overruled the motion.

At trial, evidence regarding the search was introduced through both testimony and exhibits. After the jury found Bray

guilty of possession of marijuana with intent to deliver, he was sentenced to not less than 2 years' imprisonment. The case comes before us pursuant to our granting of Bray's motion to bypass the Nebraska Court of Appeals.

Bray's sole assignment of error challenges the "[u]se at trial by the prosecution of evidence seized pursuant to an invalid search warrant in violation of the Defendant's statutory and constitutional rights."

Before turning to Bray's argument, we address a threshold issue raised by the State. The State argues that despite his motion to suppress, Bray failed to preserve the issue of the propriety of the court's ruling thereon because he did not adequately object to the introduction of the seized evidence at trial.

When the State began questioning the first witness regarding the evidence found during the search, Bray's counsel stated: "I would ask that a continuing objection be noted objecting to any *testimony* regarding what was found in the apartment." (Emphasis supplied.) The objection, which was based on Bray's motion to suppress, was overruled. Later, the State offered the actual evidence seized during the search, which included over 400 grams of marijuana, a marijuana pipe, and the remains of several marijuana cigarettes. Bray again objected; however, this time counsel based the objection on foundation and relevancy, stating: "There's been no showing what those exhibits are." The objection was again overruled.

The State argues that because Bray did not object to the seized evidence based on the alleged invalidity of the warrant, he has waived that claim of error on appeal.

We have consistently held that the duty rests on the defendant, after his motion to suppress has been denied, to object to the admission of the evidence at trial and to state the specific grounds of the objection if not apparent from the context in which the objection was made. *State v. Farrell*, 242 Neb. 877, 497 N.W.2d 17 (1993); *State v. Partee*, 240 Neb. 473, 482 N.W.2d 272 (1992). Moreover, on appeal, the defendant may not assert a different ground for his objection to the admission of evidence than was offered to the trier of fact. *State v. Jensen*, 238 Neb. 801, 472 N.W.2d 423 (1991). Finally, absent

plain error, this court will not address an issue not assigned and discussed in the party's brief. *State v. Garza*, 242 Neb. 573, 496 N.W.2d 448 (1993); Neb. Ct. R. of Prac. 9D(1)d (rev. 1992).

Applying the preceding rules to the case at bar, we must agree with the State. Bray has not adequately preserved his challenge to the evidence supporting his conviction. While Bray's objection to *testimony* relating to the search was adequate to preserve the issue, neither his assignment of error nor his argument even addresses the overruling of that objection. We cannot say that any impropriety in the court's interpretation of the meaning of the statutory language and its application to this case are so plainly evident from the record that it rises to the level of plain error. See *Sayer v. Bowley, ante* p. 801, 503 N.W.2d 166 (1993). Thus, we do not address the court's ruling on the testimony on our own motion. See Neb. Ct. R. of Prac. 9D(1)d.

As for his objection to the evidence *seized*, Bray does question the propriety of the court's ruling in his brief. However, objections based on foundation and relevancy do not preserve for appeal the "invalid warrant" challenge that he now asserts. See *Jensen, supra*. Thus, we do not even reach the merits of Bray's attack on the validity of the search warrant. By failing to challenge the seized evidence on that ground at trial, he has also failed to preserve such a challenge for appeal.

Based on the lack of adequate challenges to the evidence used to convict him, we find the record contains ample evidence to support Bray's conviction for possession of marijuana with intent to deliver. The judgment of the district court is therefore affirmed.

AFFIRMED.