ALICE R. COCKRELL, APPELLEE, V. RICHARD C. GARTON, APPELLANT, AND CYNTHIA GARTON, APPELLEE.

507 N.W.2d 38

Filed October 22, 1993.    No. S-91-381.

T.J. Hallinan, of Cobb, Hallinan & Ehrlich, P.C., for appellant.

James L. Haszard, of McHenry & Flowers, for appellee Cockrell.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

CAPORALE, J.

The district court entered judgment in favor of the plaintiff-appellee, Alice R. Cockrell, on promissory notes executed by the defendant-appellant, Richard C. Garton, Cockrell's former son-in-law, and the defendant-appellee, Cynthia Garton, Cockrell's daughter. The son-in-law asserts that the district court erred in refusing to receive a certain exhibit into evidence and successfully petitioned this court for further review of the Nebraska Court of Appeals' rejection of that assignment of error and consequent affirmance of the judgment of the district court. We now affirm the judgment of the Court of Appeals.

In 1987, the daughter and son-in-law executed two promissory notes totaling the principal amount of $40,000, payable to Cockrell upon demand. In late 1989, Cockrell demanded full payment of both notes. This suit followed.

The district court's pretrial conference resulted in a memorandum by Cockrell in which she lists as a trial exhibit the documents in question, which she characterizes as her "Financial Records." The son-in-law makes no mention of Cockrell's financial records in his pretrial conference memorandum. The district court's pretrial conference order provides: "As to witnesses and exhibits, those not listed may

not be used at trial, except solely for impeachment or rebuttal. Each side may use those listed by the other."

At trial, Cockrell testified that she had received interest payments through the end of 1990, but that the principal amount of each note remained unpaid.

In an apparent effort to challenge that testimony, the son-in-law had the subject exhibit marked for identification and questioned Cockrell regarding it. Cockrell claimed that she had never seen the records before, but acknowledged that she and the daughter reviewed the amounts which had been paid at the end of each year and that the records might have been created by the daughter to show the payments which had been made on the notes. Cockrell was unsure, however, whether the records were in the daughter's handwriting. Cockrell further denied that she relied on the daughter to keep records of the payments made, stating, rather, that she kept her own records, the nature and level of formality of which were not made clear.

The son-in-law then offered the subject exhibit into evidence, stating:

> Well, I'm going to offer [the subject exhibit] and I'd like to make a record that [the subject exhibit] is the documents that were presented to me by [Cockrell's counsel] after the pretrial conference, that were represented to me as being what was listed as [the subject exhibit] on his Pretrial Conference Memorandum, which were designated as financial records of [Cockrell]; and, therefore, I'm going to offer [the subject exhibit] as a judicial admission against [Cockrell's] interest in this case because it does show payments made on these particular notes.

Cockrell objected to its receipt, stating:

> The fact that I list an exhibit on a Pretrial Conference Memorandum as being something I may want to offer into evidence, I don't believe puts any requirement on me to either offer it or to agree to its admission at the actual trial. I would object on the basis of foundation.

The district court sustained Cockrell's objection to receipt of the evidence and her objection to the son-in-law's offer of proof as to the contents of the subject exhibit.

The Court of Appeals rested its decision on the premise that

as the son-in-law had offered the subject exhibit on the basis that it constituted a judicial admission by Cockrell, he could not on appeal urge that it should have been admitted on the basis that Cockrell had waived any foundational objection to its receipt.

But as the foregoing recitation of the record demonstrates, the son-in-law urged at trial not only that the documents comprising the subject exhibit constituted judicial admissions on the part of Cockrell, but also that the documents were presented to him with the representation that they constituted Cockrell's financial records; in other words, that by identifying the documents as her own, Cockrell waived any foundational or other objection to their receipt into evidence. Thus, it cannot be said that the son-in-law urged a different ground of admission upon appeal than he did at trial.

Moreover, the situation is controlled by Neb. Evid. R. 103(1)(b), Neb. Rev. Stat. § 27-103(1)(b) (Reissue 1989), which provides that error may not be predicated upon a ruling excluding evidence unless "the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked," and not by rule 103(1)(a), which declares that error may not be predicated upon an evidential ruling admitting evidence in the absence of a timely objection stating the specific ground thereof, unless such was apparent from the context. Accordingly, while on rulings admitting evidence the focus is on the ground for exclusion urged at trial, on rulings excluding evidence, the focus is on whether the substance of the evidence was made known at trial.

Thus, the rule that one may not on appeal assert a different ground for excluding improperly admitted evidence than was urged in the objection made to the trial court, *State v. Bray*, 243 Neb. 886, 503 N.W.2d 221 (1993), does not come into play when dealing with evidence which was improperly excluded. Since under our rules all relevant evidence is admissible except as otherwise provided in those rules, Neb. Evid. R. 402, Neb. Rev. Stat. § 27-402 (Reissue 1989), a proponent of evidence which was excluded is not limited on appellate review to reliance upon the bases argued at trial.

We recognize that pursuant to a rule of Connecticut appellate

procedure, *Thaw v. Fairfield*, 132 Conn. 173, 43 A.2d 65 (1945), limited the assignments of error for the exclusion of evidence on appeal to the bases asserted at trial. But the Connecticut rule is at variance with our rule 103, which is modeled upon its federal counterpart, Fed. R. Evid. 103, and which came into existence 30 years after *Thaw* was decided.

No foundation having been laid for the receipt into evidence of the subject exhibit, the controlling question is whether Cockrell's pretrial conference memorandum, read together with the pretrial conference order, obviated the need for such.

The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. *Hasenauer v. Durbin*, 216 Neb. 714, 719, 346 N.W.2d 695, 698 (1984).

In *Mousel v. ten Bensel*, 195 Neb. 456, 459, 238 N.W.2d 632, 634 (1976), we stated: "In relation to evidence [the pretrial conference] is designed for and primarily used to restrict evidence to the issues formulated, secure admissions or stipulations, avoid unduly cumulative evidence and the necessity of proving foundation in regard to clearly competent evidence." However, "[i]t is neither designed nor intended to arbitrarily exclude noncumulative evidence pertinent to the issues simply because it was not mentioned at the pretrial hearing. The District Court has a broad discretion in regard to the amendment of pretrial orders." *Id.*

Most cases concern themselves with the extent to which pretrial orders control the issues to be litigated. We have on numerous occasions affirmed the limiting of the issues at trial to those specified in the pretrial order and limiting the admission of evidence to the issues thus established. E.g., *Bump v. Firemens Ins. Co.*, 221 Neb. 678, 380 N.W.2d 268 (1986); *Olson v. England*, 206 Neb. 256, 292 N.W.2d 48 (1980); *Western Pipe & Supply, Inc. v. Heart Mountain Oil Co., Inc.*, 179 Neb. 858, 140 N.W.2d 813 (1966); *Tober v. Hampton*, 178 Neb. 858, 136 N.W.2d 194 (1965), *overruled on other grounds, Royal Ind. Co. v. Aetna Cas. & Sur. Co.*, 193 Neb. 752, 229

N.W.2d 183 (1975); *Long v. Magnolia Petroleum Co.*, 166 Neb. 410, 89 N.W.2d 245 (1958). But see *Zavoral v. Pacific Intermountain Express*, 181 Neb. 40, 146 N.W.2d 796 (1966) (notwithstanding the pretrial order and the plaintiff's failure to move for its vacation and modification, the trial court was obliged to instruct on the issues raised by the pleadings and the evidence, as to do otherwise would do violence to the issues raised by petition).

In arguing that by listing the subject exhibit in her pretrial memorandum Cockrell waived any objection to its introduction, the son-in-law relies upon *Powell v. Farmers State Bank*, 164 Neb. 180, 82 N.W.2d 260 (1957), and *O'Shea v. O'Shea*, 191 Neb. 217, 214 N.W.2d 486 (1974). The trial court in *Powell* concluded that the action was time barred. Although this court affirmed that determination, it rejected the appellee's argument that as there was no bill of exceptions, the only issue was whether the pleadings supported the judgment. In doing so, the *Powell* court observed that the pretrial order recited the controlling date as a stipulated and agreed-upon fact. It also noted that the relevant rule provided that unless modified at trial to avoid a manifest injustice, the pretrial order controlled the subsequent course of action. It then continued:

> As we construe such rule, the admissions, stipulations, and agreements of the parties, when finally determined and included in a pre-trial report and order rendered, certified, and filed by the trial court after a pre-trial hearing without objections appropriately taken thereto, are judicial admissions which need not be offered in evidence in order to be considered by the trial court or included in a bill of exceptions in order to be considered by this court upon appeal.

*Powell*, 164 Neb. at 183, 82 N.W.2d at 262. In *O'Shea*, the date on which a spendthrift trust terminated was largely decisive of the issues involved. Recognizing the decisiveness of the date, the pretrial stipulation declared that the trust continued until the beneficiary's death. Two months after trial, the trustee moved for the first time to correct the pretrial order to reflect that the trust had in fact terminated at the end of the 20-year period specified in the trust deed rather than upon the death of

the beneficiary. The *O'Shea* court held that the trial court did not abuse its discretion in denying the untimely motion to amend and that under the procedural facts of the case, the trial court's finding that the trust terminated on the beneficiary's death was correct.

However, we are here concerned not with factual assertions such as were involved in *Powell* and *O'Shea*, but with the admissibility of records described in the most general of terms and residing in Cockrell's possession. The description of items as being one's financial records does not, in and of itself, mean that one vouches for their authenticity or accuracy; after all, one's financial records may well include material prepared and supplied by others.

Had Cockrell not listed the subject exhibit, she would have been precluded under the terms of the pretrial order from offering it into evidence for other than impeachment or rebuttal purposes. By listing the documents, she prudently put herself in the position of having them available to offer into evidence, but the listing did not relieve her of the obligation to lay a proper foundation for their admission.

Nor can it be said that listing the documents waived any objections she might have had to their introduction by others; listing them merely identified the documents as potential evidence. The recitation in the pretrial order that "[e]ach side" might use the exhibits listed "by the other" means nothing more than that the exhibits in the possession of one party were available to the other parties, not that everything listed as an exhibit by any one party was automatically admissible if offered by any other party. Indeed, if merely listing an exhibit did away with the need to establish a proper foundation, there would have been no reason to recite in the pretrial order which parties waived foundation as to what exhibits. It is also worthy of note that the son-in-law did not waive in his pretrial memorandum any objection to the receipt of the subject exhibit into evidence and, thus, preserved his own right to object thereto. Cockrell had no lesser right.

It is of no consequence that the daughter listed as exhibits in her pretrial memorandum "[a]ll of [Cockrell's] exhibits" and that Cockrell waived foundation as to all of the daughter's

exhibits, for those agreements in no way bound nor benefited the son-in-law, for one who does not join in a pretrial stipulation to waive foundational evidence with respect to an exhibit is not bound thereby. See, *Bryant Heating v. United States Nat. Bank*, 216 Neb. 107, 342 N.W.2d 191 (1983) (one not party to stipulation of judgment not bound by it); *Omaha Grain Exchange v. National Surety Co.*, 103 Neb. 820, 174 N.W. 426 (1919) (surety not bound by stipulation in suit to which it was not a party); *Gregory v. Edgerly*, 17 Neb. 374, 22 N.W. 703 (1885) (stipulation by judgment creditor to admit discharge in bankruptcy did not relieve plaintiff from need to prove discharge as to other defendants). The same applies to the daughter's waiver of foundation to her financial records listed as an exhibit in the son-in-law's pretrial memorandum; not only were the daughter's financial records not shown to be the same as Cockrell's financial records, but Cockrell was not bound by an agreement to which she was not a party.

The Court of Appeals thus correctly affirmed the judgment of the district court. Accordingly, we affirm the judgment of the Court of Appeals.

AFFIRMED.