IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF CYRUS B.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF CYRUS B., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

SHAWNA B., APPELLANT.

Filed August 15, 2023.    No. A-23-007.

Appeal from the County Court for Madison County: ROSS A. STOFFER, Judge. Affirmed.

Matthew H. Soltys, Deputy Madison County Public Defender, for appellant.

Nathan T. Eckstrom, Deputy Madison County Attorney, for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Shawna B. appeals the dispositional order entered by the Madison County Court sitting in its capacity as a juvenile court. She assigns errors relating to the court receiving the case plan and court report into evidence and the court's failure to consider a validly executed six-month temporary delegation of parental powers which was in effect when Cyrus was placed in the care and custody of the Department of Health and Human Services (DHHS). For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

Shawna is the natural mother of minor child Cyrus B., who was born in January 2014. Shortly after Cyrus' birth, he was placed in the care and custody of DHHS after he and Shawna tested positive for methamphetamine. Shawna and Cyrus were reunified in 2015.

- 1 -

In July 2022, Shawna left Cyrus in the care of her 19-year-old daughter, Grace M. Shawna, then entered into inpatient treatment for substance abuse addiction, but she left after only three days. In early August, DHHS employees notified the Madison County Attorney's office of Shawna's departure from residential treatment, that Shawna was using methamphetamine, and that Grace "was afraid [Shawna] was going to come take [Cyrus] and flee."

After receiving this communication, the State filed a juvenile petition on August 4, 2022, alleging that Cyrus was a minor child lacking proper parental care by reason of the fault or habits of his parents and who was in a situation dangerous to life or limb or injurious to his health or morals. Cyrus' father is not a part of this appeal and will be referenced only as necessary for context. As it related to Shawna, the petition alleged that: (a) Shawna had a history of substance abuse and criminal activity including a 2004 conviction for negligent child abuse and numerous other Nebraska convictions; (b) Cyrus was removed from Shawna's care in 2014 because she was addicted to methamphetamine and both she and Cyrus, who was an infant, tested positive for illegal drugs; they were reunified in 2015; (c) that during the past several months Shawna had at various times, not looked after Cyrus' needs, not gotten Cyrus to school, and left Cyrus with others for extended periods of time; and (d) that Shawna checked into residential substance abuse treatment in July 2022 but left a few days later without completing treatment.

Also on August 4, 2022, the State filed a motion seeking temporary custody of 8-year-old Cyrus. The affidavit in support of removal set forth that: Shawna was currently homeless; four of Shawna's children had previously been removed by the State and she relinquished her parental rights to those children; after Cyrus was removed from Shawna's custody in 2014, she admitted to allegations contained in a juvenile petition that she was addicted to methamphetamine and that she and Cyrus had both tested positive for illegal drugs; the DHHS child abuse and neglect hotline received several calls about Shawna in 2022 regarding concerns including leaving Cyrus with others, not getting Cyrus to school, and her use of methamphetamine; Shawna had numerous misdemeanor and infraction convictions including a 2004 conviction for negligent child abuse and a conviction for felony possession of methamphetamine with the intent to deliver for which she was sentenced to 3 to 5 years' imprisonment but for which she was paroled in December 2012; and Shawna had an active arrest warrant related to a pending shoplifting case. That same day, the court placed temporary custody of Cyrus with DHHS, appointed the public defender as counsel for Shawna, and set a placement hearing for August 11. The certificate of service did not list a physical or email address for Shawna because her whereabouts at that time were unknown.

At the August 11, 2022, placement hearing, Shawna failed to appear, but was represented by her counsel. The court set the next hearing for August 23. Shawna again failed to appear and her counsel's oral motion to continue Shawna's first appearance was denied. The court proceeded to adjudicate Cyrus based upon admissions by Cyrus' father and set the next hearing for November 8. Although Shawna received notice of the November 8 hearing, she again failed to appear. Her counsel again moved to continue the hearing, but this request was denied by the court and the hearing proceeded. At the conclusion of the hearing, the court adjudicated Cyrus based upon the allegations related to Shawna. The court specifically noted that although Shawna left Cyrus with Grace, "there was no delegation of parental authority . . . if there had been any type of an emergency situation that would have required any type of emergency medical care or [consent] . . . [Grace] had not been given the authority to consent to those things." The dispositional hearing

regarding Shawna was scheduled for December 13. The court order provided that "[t]he Case Plan [and] Court Report shall be filed with the Court and copies sent to all parties by December 5, 2022. Written objections to the case plan/court report shall be filed and copies served on all parties or their attorneys prior to hearing."

At the scheduled December 13, 2022, dispositional hearing, Shawna appeared in person. At the start of the hearing, the court noted that no representative from DHHS was present. The State offered into evidence the December case plan and court report. Shawna's counsel raised foundation, due process, hearsay, and confrontation clause objections. The court overruled the objections on the basis that no written objections had been filed prior to the hearing as required by court order. Although Shawna's counsel argued that "we did not know that the caseworker was not going to appear, and so I don't believe I would have had the opportunity to file those objections [prior to the hearing] on the grounds that I objected to the case plan and court report," the court maintained its ruling.

Shawna, the sole witness at the dispositional hearing, testified that, in July 2022, she left Cyrus in Grace's care, and at that time, she signed a temporary delegation of parental authority which granted Grace the authority to make decisions relating to Cyrus. According to Shawna, the temporary delegation of parental authority was signed on July 14, 2022, in DHHS' offices and both Grace and DHHS were aware of the document. The temporary delegation of parental powers provided that it "may be revoked by me at any time before the expiration of this six-month period by written notice to Grace." The court received into evidence the temporary delegation of parental powers.

Following the hearing, the court adopted the December 5, 2022, case plan and court report based upon its findings that the provisions contained therein were reasonably material to the rehabilitation objective of eliminating the situation or condition for which the adjudication had been obtained. The court ordered Shawna to submit to random urinalysis testing not less than two times per week, complete a substance use evaluation, complete a psychological evaluation, and attend supervised visitation, with the caveat that if Shawna possessed an illegal controlled substance, had a positive drug test, willfully failed to appear for a drug test, or willfully failed to provide a sample for drug testing in the seven days prior to a visit, that visit would not occur. Shawna timely appealed to this court.

ASSIGNMENTS OF ERROR

Shawna contends that the court erred in admitting the December 2022 case plan and court report into evidence because there was insufficient foundation in that no DHHS employee was present at the hearing, the report was inadmissible hearsay, and its admission violated her rights to due process and to confront and cross-examine witnesses against her. She also assigns as error that the court erred in adopting the case plan and court report because she had executed a temporary delegation of parental rights which was still in effect at the time of the child's removal, adjudication, and the date of the dispositional hearing.

STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings. *In re Interest of Michael N.*, 302 Neb. 652, 925

N.W.2d 51 (2019). When the evidence is in conflict, an appellate court may consider and give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over the other. *In re Interest of Noah C.*, 306 Neb. 359, 945 N.W.2d 143 (2020).

The determination of whether the procedures afforded to an individual comport with constitutional requirements for due process presents a question of law. *In re Interest of A.A. et al.*, 307 Neb. 817, 951 N.W.2d 144 (2020).

ANALYSIS

ALLEGED ERRORS RELATING TO CASE PLAN AND COURT REPORT

Shawna contends that the court erred in admitting the December 2022 case plan and court report into evidence at the dispositional hearing because there was insufficient foundation for the case plan and court report in that no DHHS employee was present at the hearing, the report was inadmissible hearsay, and its admission violated her rights to due process and to confront and cross-examine witnesses against her.

Neb. Rev. Stat. § 43-283 (Reissue 2016) provides that "[s]trict rules of evidence shall not be applied at any dispositional hearing." Thus, insofar as Shawna's assignment of error is grounded in a violation of a strict rule of evidence her argument fails.

Similarly, in a juvenile case, the heightened standards of the confrontation clause of the Sixth Amendment do not apply. *In re Interest of Brian B. et al.*, 268 Neb. 870, 689 N.W.2d 184 (2004). So insofar as Shawna claims she had a constitutional right to confront the State's witnesses at the dispositional hearing, that assignment likewise fails.

And, as this court held in *In re Interest of Alex F. and Tony F.*, 23 Neb. App. 195, 206, 870 N.W.2d 150, 158 (2015), "[w]e have held that hearings regarding rehabilitative plans in juvenile cases are dispositional hearings, in which Nebraska rules of evidence do not apply, and due process safeguards at a disposition or detention hearing are less than those required at a hearing regarding the termination of parental rights." See also *In re Interest of Brian B. et al., supra* (holding because confrontation clause does not apply in juvenile proceedings, proper analysis is whether parent's due process rights were violated). Thus, the question here is whether Shawna's due process rights were violated during the dispositional hearing when the court overruled her objections to the receipt of the case plan and court report for failing to timely object to those documents in accordance with the court's pre-trial order.

In *Cockrell v. Garton*, 244 Neb. 359, 507 N.W.2d 38 (1993), the Nebraska Supreme Court considered whether a pretrial conference memorandum and pretrial conference order obviated the need for laying foundation for an exhibit. The court stated:

> The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. *Hasenauer v. Durbin,* 216 Neb. 714, 719, 346 N.W.2d 695, 698 (1984).
>
> In *Mousel v. ten Bensel,* 195 Neb. 456, 459, 238 N.W.2d 632, 634 (1976), we stated: "In relation to evidence [the pretrial conference] is designed for and primarily used to restrict evidence to the issues formulated, secure admissions or stipulations, avoid unduly cumulative evidence and the necessity of proving foundation in regard to clearly competent evidence."

- 4 -

*Cockrell v. Garton*, 244 Neb. at 363, 507 N.W.2d at 40-41. More recently in *Custom Fabricators v. Lenarduzzi,* 259 Neb. 453, 460, 610 N.W.2d 391, 397 (2000), the Nebraska Supreme Court stated:

> It is entirely appropriate for a trial court to schedule the completion of pretrial tasks and, upon the failure of the parties to meet the schedule or the task, to impose such sanctions as the facts may warrant. See, e.g., *Lemburg v. Adams County* [, 225 Neb. 289, 404 N.W.2d 429 (1987)].

Here, the court entered a pretrial order which provided that "[t]he Case Plan [and] Court Report shall be filed with the Court and copies sent to all parties by December 5, 2022. Written objections to the case plan/court report shall be filed and copies served on all parties or their attorneys prior to hearing." Shawna did not file any objections to the case plan and court report. At the dispositional hearing, Shawna posed objections to the case plan and court report based upon insufficient foundation, hearsay, and violation of her rights to its due process and to confront and cross-examine witnesses against her. The court overruled Shawna's objections to the case plan and court report and received it into evidence because Shawna had not provided written objections prior to the hearing as required by prior court order.

The court's pretrial order, which required objections to the case plan and court report to be submitted prior to the hearing, was appropriate to accomplish the purposes of simplifying the proceedings, avoiding unnecessary proof of facts, and identifying what facts or exhibits were being contested. Having failed to provide written objections prior to the hearing, Shawna waived any objections to the case plan and court report and we find no due process violation in connection with the court's admission of the documents under these circumstances. This assignment of error fails.

### EFFECT OF TEMPORARY DELEGATION OF PARENTAL RIGHTS

Shawna also contends that the court erred in adopting the case plan and court report "rather than enter an order of no disposition" because she had executed a temporary delegation of parental rights which was still in effect at the time of the child's removal, adjudication, and the date of the dispositional hearing. Stated more simply, Shawna contends that the existence of the temporary delegation of parental rights makes the juvenile case unnecessary and the court erred in adopting the case plan and court report rather than close the juvenile case.

As this court stated in *In re Interest of Ramon N.*, 18 Neb. App. 574, 579, 789 N.W.2d 272, 278 (2010):

> The adjudication order was a final, appealable order from which no appeal was taken and ordinarily would not be subject to collateral attack except for lack of jurisdiction. Generally, it has been held that adjudication and disposition orders are final, appealable orders. *In re Interest of Enrique P. et al.*, 14 Neb. App. 453, 709 N.W.2d 676 (2006). Clearly, the adjudication order was a final order. We have stated that in the absence of a direct appeal from an adjudication order, a parent—or in this case, a child—may not question the existence of facts upon which the juvenile court asserted jurisdiction. See *id.* This is a corollary of the doctrine precluding most collateral attacks on final orders.

Collateral attacks on previous proceedings are impermissible unless the attack is grounded upon the court's lack of jurisdiction over the parties or subject matter. *In re Interest of Joshua M. et al.*, 251 Neb. 614, 558 N.W.2d 548 (1997).

Similarly, here, Shawna is claiming that the court should relinquish its jurisdiction over the instant case. This claim is an attack on the court's November 8, 2022, order of adjudication, which found that it had jurisdiction over the case and was not appealed. Further, Shawna does not contend that the court lacked jurisdiction over the parties or subject matter at the time that the court assumed jurisdiction. Shawna's claim constitutes an impermissible collateral attack of the court's earlier adjudication order. Accordingly, this claim fails.

## CONCLUSION

Having considered and rejected Shawna's assigned errors, we affirm the court's December 2022 dispositional order.

AFFIRMED.